[No. 3,978.]

## CHARLES J. HOBLER *v.* WM. T. COLE.

NEW TRIAL ON NEWLY DISCOVERED EVIDENCE.—The general rule is that a new trial will not be granted on the ground of newly discovered evidence which *is* cumulative.

IDEM.—That the newly discovered evidence is cumulative is however an affirmative proposition, and if it does not appear in the morning papers, the fact must be shown by the party opposing the motion.

IDEM.—There is no presumption that newly discovered evidence is cumulative.

IDEM.—A large discretion is accorded to Courts in the disposition of motions for a new trial, made on the ground of newly discovered evidence, and it devolves on the appellant to show that this discretion was not properly exercised.

APPEAL from the District Court, Thirteenth Judicial District, Fresno County.

The defendant recovered judgment in the Court below; the Court granted a new trial on the application of the plaintiff, and the defendant appealed from the order.

The other facts are stated in the opinion.

*Cross & Burckhalter* and *C. G. Sayle,* for the Appellant.

*R. H. Daly,* for the Appellant.

By the Court, WALLACE, C. J.:

The appeal is taken by the defendant from an order granting the plaintiff a new trial on the ground of newly discovered evidence.

The motion was supported by the affidavits of Loveall,

Church, the plaintiff, and Daly, his attorney in the action, and was not opposed by any counter-affidavit.

The appellant claims that the order should be reversed, because it is not shown by the affidavits that the evidence is new, nor material, nor is it shown that it is not cumulative.

1. That the evidence upon the discovery of which the motion is founded is new, affirmatively appears on the affidavit of plaintiff.

2. That it is material for the plaintiff is also set forth in the same affidavit.

3. The general rule undoubtedly is that the newly-discovered evidence must not be cumulative. If it be of that character it will not ordinarily aid the moving party. That it is cumulative is, however, an affirmative proposition, and, unless sufficiently appearing in the moving papers, ought to be shown to be such by the party opposing the motion. There is no presumption that it is cumulative—the mere presumtion is rather to the contrary. In practice it would be difficult for the moving party to establish the negative at the outset. His mere statement in terms, that the evidence is not cumulative would, of course, go for nothing. If, in point of fact, the newly discovered evidence be cumulative, within the rule, it is easy for the opposing party to set forth in his counter-affidavit so much of the evidence given at the trial as will make it so appear.

An enlarged discretion is accorded to trial Courts in the disposition of motions for a new trial, upon applications of this character.

The presumption is to be indulged that the discretion has been providently exercised, and that the rules of law have been observed in disposing of the motion, and the burden is upon the appellant to establish the contrary.

In this cause there is nothing before us but the affidavits and the order of the Court. The evidence is not in the records, and the pleadings have not been sent up. We are uninformed as to what evidence had been given at the trial, or even as to what was the issue tried between the parties. Certainly upon a record so barren as this one,

we cannot be expected to disturb the decision arrived at below. Order affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.