ABLE & CO. v. FRAZIER.

1. **New Trial:** PRACTICE IN THE SUPREME COURT. The Supreme Court will not reverse an order of the court below granting a new trial if no abuse of discretion is shown.

2. ———: CUMULATIVE EVIDENCE. Cumulative evidence is additional proof of the same kind bearing upon the same point; it does not necessarily include all evidence which tends to establish the same ultimate or *principally controverted* fact.

*Appeal from Henry District Court.*

MONDAY, APRIL 24.

THIS is an appeal from an order granting a new trial. The plaintiffs brought suit against the defendant on an account for lumber sold and delivered to him. The defendant answered that he paid the plaintiffs on the account $200 in money, and gave them also an order drawn on them in his favor for the sum of $200, which was accepted by them to be applied on the account. On the trial the plaintiffs testified that the said payments were applied for other lumber used in building a school house, for which lumber defendant had become liable. The defendant in his testimony denied it, but the court found for the plaintiffs.

About six months after the trial the defendant filed a petition for a new trial, stating in substance that he had no expectation or idea that the plaintiffs would claim that the said payments were made on the school house lumber; that in the testimony upon that point, he was taken by surprise; that the officers of the school district lived from eleven to fifteen miles distant; that he was in such ill health during the trial as scarcely to be able to attend court; that a long time had elapsed since the school house transaction, and that he was never familiar with it.

The petition further states, in substance, that he can now prove by the officers of the said school district, naming them, that the lumber used in the school house was fully paid for

by the district the year previous to that in which the plaintiffs received the said order and money from the defendant.

Accompanying the defendant's petition are the affidavits of the officers corroborating the defendant's statements.

The plaintiffs demurred to the petition on the ground that no diligence is shown, and that the new evidence is cumulative.

The demurrer was overruled, and petition granted. Plaintiffs appeal.

*Casey & Hobbs* and *Bowman & Barger*, for appellants.

*H. & R. Ambler*, for appellee.

ADAMS, J.—I.  We are inclined to think that the defendant did not use due diligence in the discovery of the new evidence.

The record shows that it was several days from the beginning to the end of the trial.  The question as to the applica-

1. NEW TRIAL: practice in the supreme court.

tion of the payments on the school house lumber was raised the first day.  The source of defendant's proper evidence to disprove the alleged application, to-wit: the school district officers and receipts, must have been suggested to his mind on that day.  Those officers and receipts were not more than fifteen miles distant.  No effort was made to obtain them.  Still, the fact that defendant's affidavit shows that he was so ill during the trial as to be scarcely able to attend court, leaves a possible doubt in our mind, as we presume it did in the mind of the court below, whether the denial of a new trial would not do the defendant injustice.

This court will not reverse the order of the court below granting a new trial, if no abuse of discretion is shown.

II.  It is claimed, however, by the appellant, that the newly discovered evidence is merely cumulative.  It is true the de-

2.——: cumulative evidence.

fendant testified upon the trial that the payments in question, were not made or applied on the school house lumber, and the object of the newly discovered evidence is to show the same thing.  Yet it must be observed that it is

shown by a distinct and separate fact, and that is that the school house debt had been previously paid.

Evidence is not cumulative merely because it tends to establish the same ultimate or *principally controverted* fact. Cumulative evidence is additional evidence of the same kind to the same point. *Parker v. Hardy*, 24 Pick., 246.

The order of the District Court granting a new trial is

AFFIRMED.