MORROW v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE.  A new trial should not be granted on the ground of newly discovered evidence, when such evidence is only cumulative and impeaching.

2. **Practice:** JUDGMENT ON DEMURRER.  The fact that the court below, on sustaining a demurrer to a petition for a new trial, dismissed the petition and rendered judgment for costs, without waiting for the petitioner to amend, or to refuse to amend, will not be regarded as reversible error, when the record does not show that the petitioner at any time asked leave to amend his petition.

*Appeal from Van Buren Circuit Court.*

THURSDAY, SEPTEMBER 20.

THIS is a petition for a new trial in an action at law, upon the ground of newly discovered evidence.    A demurrer to the petition was sustained, and defendant appeals.

*Stiles & Beaman,* for appellant.

*W. M. Walker* and *Sloan, Work & Brown,* for appellee.

ROTHROCK, J.   The cause having been determined upon
demurrer to the petition, it becomes necessary to
set out the petition at length.   It is in these
words:

1. NEW TRI-
AL: newly
discovered
evidence.

" The defendant above named states that this action was
commenced by the plaintiff before a justice of the peace, to
recover for stock alleged to have been killed by the cars of
defendant at a point where it had a right to fence, but had
failed to maintain a sufficient one, but which defendant denied,
alleging such killing to have been upon a public highway cross-
ing; that upon the trial before the justice the plaintiff failed
to produce any evidence in support of his allegation as to the
point where said killing occurred, and the defendant recov-
ered judgment for costs; that thereupon the plaintiff appealed
to this court, and, at the November term, to-wit., on the
twenty-first day of November, 1882, recovered judgment
against defendant for the sum of $100, with 6 per cent inter-
est from said date, and $129.55 costs of both trials; that the
engineer and fireman of defendant's train which did the injury,
and which was going west at the time, were the only persons
who saw the stock at the time of the striking, and they both
testified, in both trials, that it was struck outside the railway
enclosure and upon said highway, and there was other evidence
also introduced on defendant's behalf tending to establish such
fact; that upon the trial in this court the only evidence tend-
ing, in any substantial degree, to support plaintiff's claim as
to the place of injury, was that given by one George Miller,
who was subpœnaed by plaintiff after the trial had commenced
in this court, or about the time it commenced, and who testi-
fied on such trial, and for the first time, that he was at the
place of the injury the next day after it occurred, and saw, on
the cattle-guard of defendant's road, east of said crossing, a

small quantity of blood and hair; that he at the time spoke to one John Moore about it, and showed it to him, and that said Moore saw it, and they talked together in regard to it; that there were several other persons there at the time, gathered there on account of the accident, and examining the scene, but that he neither spoke to anyone else about it, nor called the attention of any one but said Moore to it—the plaintiff and his brother being present also examining said premises; and that said Moore was, at the time witness was testifying, out of this state, and probably in New Mexico, and that witness had never mentioned the facts aforesaid since, until a day or two before he was subpœnaed.

" The defendant further states that some four or five witnesses, who were at the scene of said accident with said Miller, gave evidence on the trial, in this court, including plaintiff and his brother, but none of them claiming to have seen any blood or hair at any point east of said crossing, but, on the contrary, testified that they did not; that without the evidence of said Miller, and indeed with it, the evidence greatly preponderated in defendant's favor as to the point where the injury occurred, and but for said Miller's evidence the jury would have found for defendant, or a verdict, if given the other way, would have been without any support in the evidence; that it also appeared on said last trial that the stock was struck about ten o'clock at night; that it was then raining, and continued to rain hard nearly all night, making it extremely improbable that blood and hair would remain upon the cattle-guard; that until said Miller was put upon the stand neither the defendant, nor its attorneys engaged in the cause, had any knowledge or suspicion that he would so testify; that said John Moore, soon after said accident, removed from Iowa, and his whereabouts was unknown to defendant, until ascertained as hereinafter stated; that upon the conclusion of said trial, defendant at once set about, by letter and by inquiry of said Moore's acquaintances and relations, to ascertain his whereabouts, some of the letters being returned

uncalled for and some being unanswered; that finally, and on the —— day of January, 1883, defendant for the first time learned that he was then, and likely to remain, at a point near Cottonwood, Kansas; and that it had received a letter from him from his present residence.

"The defendant states that it is informed by said Moore, and can and will prove by him, that he was at the scene of said accident, as stated by said Miller, but that he neither saw any blood or hair on said cattle-guard, nor east of said crossing, nor did he have any conversation with said Miller in relation thereto, nor was the attention of either called thereto by the other.

"The defendant states that said verdict and judgment in this court were wrong and unjust to it; that upon the hearing hereof it can and will produce said Moore or his evidence, and fully overcome the evidence of said Miller, and be entitled to a verdict upon another trial; that the grounds for a new trial could not, with reasonable diligence, have been discovered before the term at which said verdict and judgment were rendered, nor prior to the time at which it was discovered, as herein shown."

It was further averred that plaintiff was insolvent, and that he threatened to issue execution on said judgment, and an injunction was asked restraining the issuing of execution. A temporary injunction was ordered as prayed.

The court sustained the demurrer to the petition, upon the ground that the alleged newly discovered evidence was impeaching and cumulative only.

This court has repeatedly held that a new trial should not be granted upon the ground of newly discovered evidence which is merely cumulative or impeaching. It is unnecessary to cite the cases so holding. The facts, which it is alleged can be proven by the witness Moore, are both cumulative and impeaching. Suppose a new trial had been granted, and Moore had been placed upon the stand as a witness. It is alleged in effect that, upon an examination made by him, he saw no blood

Morrow v. The Chicago, Rock Island & Pacific R'y Co.

or hair on the cattle-guard east of the crossing. So far, his testimony would be purely cumulative, because several other witnesses testified to the same fact upon the trial. It would have been " additional evidence of the same kind to the same point." See *Able & Co. v. Fraizer*, 43 Iowa, 175. True, this would have been original evidence, but, notwithstanding that fact, it would be merely cumulative. But it is claimed that Moore would further testify that he had no conversation with Miller in relation to blood and hair seen by them east of the crossing. This was not original evidence. Its only effect would have been to impeach Miller. It would not be admissible for any other purpose. Indeed, it appears to us that the testimony of Miller that Moore saw the blood and hair was immaterial and collateral. But, whether immaterial or not, a contradiction of him by another witness as to this fact is one of the recognized modes of impeachment. Greenleaf on Ev., vol. 1, § 461.

II. The demurrer was sustained on the fifth day of April, 1883, and an exception was entered to this ruling. On the next day the court rendered judgment on the demurrer, by striking the cause from the docket and dissolving the injunction, and for costs on the petition for new trial, and the appellant excepted.

2. PRACTICE: judgment on demurrer.

It is claimed that it was error to dismiss the action without waiting for defendant to amend or refuse to· amend its petion for a new trial. In reply to this, it is sufficient to say that the record does not show that the defendant at any time, either before or after the final ruling in the court below, asked to amend his petition.

AFFIRMED.