# CASES DETERMINED

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### OCTOBER TERM, 1886.

LENA ASCHER, Respondent, v. HERMANN SCHAEPER, Appellant.

**St. Louis Court of Appeals, February 23, 1887.**

1. EVIDENCE—INFERENCE.—If, from the facts proved, the jury may legitimately infer the existence of other facts, a finding based upon such inference can not be vacated on the ground that it is not supported by evidence.

2. PRACTICE—CONJECTURE.—A finding based upon mere conjecture will be vacated as being wholly unsupported by evidence.

3. ——— REPLEVIN—MEASURE OF DAMAGES.—In an action of re_plevin, a finding of the value of the property, and an award of damages in a fixed sum for its detention, will be set aside, where there is no evidence of the value of the property, and where the extent of the damages suffered rests on mere conjecture.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Reversed and remanded.*

A. McILHINNEY, for the appellant: There was no evidence of the value of the property in controversy. *Pope v. Jenkins*, 30 Mo. 528; *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93.

JOHN R. WARFIELD, for the appellant.

R. H. STEVENS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action of replevin. The plaintiff, who is a married woman, sued for the recovery of two horses, and damages for their detention. The action was brought under the provisions of the act of 1883 (Laws 1883, p. 113), and the plaintiff recovered judgment for the property, or its value, assessed at four hundred dollars, and also for one hundred and seventy-five dollars, her damages for its detention.

The defendant appealing complains that there was no substantial evidence to warrant any recovery, that the court misdirected the jury, and that the finding of the jury on the question of value and damages is based on mere conjecture, and not on legal evidence.

Taking all the evidence, and it does make out a *prima facie* case, entitling the plaintiff to go to the jury. The direct evidence offered, and legitimate inferences, which the jury might draw therefrom, would warrant their finding that the property in controversy was bought with the plaintiff's means, and that her husband merely acted as her agent in the purchase, as well as of the fact that the defendant was made aware of this before he finally consummated the purchase from the husband, by taking his bill of sale and by paying to him, without the plaintiff's consent, the bulk, if not all, the purchase money. As the instruction given by the court makes the finding of all these facts a con-

dition precedent to the plaintiff's recovery, the defendant can not justly complain of that instruction.

But the judgment must be reversed, because there is no legal evidence to warrant the finding of the jury, either on the question of value or damages. The rule in this state has been settled by recent decisions, that the value of the property to be assessed by the jury, is its value at the date of the trial (*Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 96; *Anchor Milling Co. v. Walsh*, 24 Mo. App. 97), and of such value there was no evidence whatever. Nor was there any legal evidence as to damages suffered by the detention.

What the plaintiff paid for the horses fifteen months before the trial, furnishes no evidence even of their then value, much less evidence of their value at the date of the trial. Assuming that the amount which the defendant paid for them is some evidence conducing to show their value, it is no evidence that such value continued to the date of the trial and assessment.

In regard to damages the only evidence was a general statement by the plaintiff as to what the use of the horses was worth to her. This is not legal evidence as to the value of such use. Juries must base their findings of damages in these cases on legal evidence, and not on bare conjecture. *Morrison v. Yancey*, 23 Mo. App. 670.

In view of a re-trial of the cause, we desire to call the attention of the parties, on this question of damages, to the cases of *Anchor Milling Co. v. Walsh*, and *Morrison v. Yancey*, above referred to.

The judgment is reversed and the cause remanded. All the judges concur.