[No. 283. Decided November 25, 1891.]

## THE STATE OF WASHINGTON, Respondent, v. GEORGE STOWE, Appellant.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ALIBI—CUMULATIVE EVIDENCE.

While the refusal to grant a new trial on the ground of newly discovered evide ce is a matter largely within the discretion of the trial court, yet, if it appears that the evidence is material, and could not have been discovered with reasonable diligence by the party applying for a new trial, the supreme court will reverse the ruling.

Where the object of evidence is to prove an *alibi*, the rule making newly discovered cumulative evidence insufficient to command a new trial has no application.

*Appeal from Superior Court, Pierce County.*

The facts in this case are stated in the opinion.

*F. L. Kuhn,* and *Heilig & Heuston,* for appellant.

*W. H. Snell,* Prosecuting Attorney, and *Charles Bed ford* for The State.

The opinion of the court was delivered by

DUNBAR, J.—Between 10 and 11 o'clock on the evening of the 5th of October, 1889, Enoch Crosby, an inoffensive and respected citizen of the city of Tacoma, was shot

down in cold blood in the public streets of that city. The victim of this murderous assault lived long enough to give a brief account of the murder. His statement was that he had been down to the depot to see some friends, and on returning home, while walking quietly along C Street, two men started out from the side of the barn which fronted on the street, and when within five or six feet from him, without making any demands, or giving any warning, shot him through the body with a revolver; that one of them then went in one direction, and the other in an opposite direction. The motive for this dastardly crime was never disclosed, as the victim, when asked if they had robbed him, had become so exhausted that he could not answer. This crime was committed on Saturday. On the next Wednesday, the 9th of October, the appellant was arrested on suspicion of having committed the crime, and a day or two later one Hoyt was also arrested, and there was a joint information filed against them, charging them in due form of law with Crosby's murder. We have no record of the trial of Hoyt, but appellant was convicted of murder in the second degree, and sentenced to imprisonment in the state penitentiary for twenty years, and appeals to this court, assigning as error—(1) That the information laws were not applicable to this state, and that the defendant was entitled to an indictment by the grand jury, the crime having been alleged to have been committed before the admission of Washington into the union of states, and before the state constitution went into force and effect; (2) that the evidence does not warrant the verdict; and, (3) that a new trial should have been granted on the ground of newly discovered evidence.

The first assignment, though urged at length in the brief, was not relied upon at the trial, as that question had lately been settled adversely to appellant's contention in *Lybarger v. State*, 2 Wash. 552 (27 Pac. Rep. 449). With the view

this court entertains as to the third assignment of error, it will not be necessary to discuss the second.

It was claimed by the appellant that he was in the town of Tumwater, a village between thirty and forty miles from Tacoma, on the day on which Crosby was murdered, pursuing the vocation of an itinerant tinker or mender of tinware; that he was there from Saturday to Sunday morning; and different citizens of Tumwater swore that they saw him there during the day; and witness Tice, who keeps the hotel at Tumwater, swore that he stayed at his house on that Saturday night, October 5th; that he woke him up to breakfast the next morning (Sunday); and that he ate breakfast there. It seems there was no register kept at Tice's hotel. After the trial, and within the time allowed by law, appellant moved the court for a new trial on the ground of newly discovered evidence, which motion was overruled. The newly discovered evidence on which appellant based his application for a new trial was the affidavit of Martha E. Eddy, who swore that the defendant came to her house in Tumwater, between the hours of 11 o'clock A. M. and 2 P. M. on a certain Saturday in October, 1889, after the commencement of the district school in Tumwater; that he requested work at mending tinware, and indicated that he was deaf and dumb. This was followed by the affidavit of George Gelbach, clerk of the Tumwater school district, who swore that the term of school for that year begun September 30th; and inasmuch as the defendant was arrested on the 9th of October, and was confined in jail at Tacoma during the rest of the month of October, it must necessarily follow that if Mrs. Eddy saw him on Saturday, in October, it must have been the first Saturday, or October 5th. There is also the affidavit of Clark Biles, a resident of Tumwater, who swore that he was a resident of Tumwater school district, and that on the first Saturday of the school term for the year 1889

he saw the defendant, a deaf and dumb tinker, or mender of tinware, in the town of Tumwater, between two and three o'clock of said day. It may be stated in this connection that the affidavits show that the defendant was in the habit of imposing himself upon the communities where he plied his trade as a deaf and dumb man, claiming that he could get more work by reason of such supposed afflictions. Respondent stoutly insists that this showing was not sufficient, and cites many cases which announce the doctrine that applications for a new trial on the ground of newly discovered evidence are regarded with distrust and disfavor, and that courts require the very strictest showing of diligence, and all the other facts necessary to give effect to the claim. The rule laid down by Hayne on New Trial and Appeal (§ 88) is as follows:

"(1) That the evidence, and not merely its materiality, be newly discovered; (2) that the evidence be not cumulative merely; (3) that it be such as to render a different result probable on a re-trial of the cause; (4) that the party could not with reasonable diligence have discovered and produced it at the trial; and (5), that these facts be shown by the best evidence of which the case admits."

The code, however (§ 1105), simplifies the requirement, and makes the new trial admissible for "newly discovered evidence, material for the defendant, which he could not have discovered with reasonable diligence and produced at the trial." But, after all is said and done, any attempt to lay down rules of construction for this section is simply an enlargement in words of the idea so compactly expressed in the statute. If it is material testimony, it can only be material because it would tend to strengthen the applicant's case, and probably lead to different results; and if it *is* material, and applicant could not have discovered it with reasonable diligence, common justice demands that he should have the benefit of it. It is true that applications of this kind are directed largely to the

14—3 WASH.

discretion of the court, and great weight must be given to the judgment of the court with reference to them. Still, if this court thinks that, under all the circumstances of the case, substantial justice has been denied to the applicant, as we think it has in this case, we will not hesitate to reverse the ruling. No fixed standard can be established for the measurement of every case, no iron-bound rule prescribed, but each case must be governed by the circumstances surrounding it.

An examination of the cases cited by respondent shows that none of them are in point here. *Baker v. Joseph*, 16 Cal. 173, was decided expressly on the ground that the affidavit did not show that the applicant could not, by due diligence, have obtained the testimony at the former trial. In *Hobler v. Cole*, 49 Cal. 250, after stating the presumption that the discretion has been properly exercised, the court refuses to disturb the ruling because it had no knowledge of the case from the record. The court says:

"In this cause there is nothing before us but the affidavits and the order of the court. The evidence is not in the records, and the pleadings have not been sent up. We are uninformed as to what evidence had been given at the trial, or even as to what was the issue tried between the parties. Certainly, upon a record so barren as this one, we cannot be expected to disturb the decision arrived at below."

Such a conclusion, under the circumstances of that case, seems to us to be entirely warrantable. In *People v. Sutton*, 73 Cal. 243 (15 Pac. Rep. 86), it was held that the affidavit used on the motion failed to clearly show that the moving party could not, with reasonable diligence, have discovered and produced the evidence claimed to be newly discovered on the trial. In *Moran v. Abbey*, 63 Cal. 56, all that is decided is, that the new trial will not be granted on the ground of newly discovered evidence, if the evidence might have been produced at the trial by the exercise of

reasonable diligence; and this rule was held to be applicable to evidence of a conversation between plaintiff and one of defendants previous to the trial, the plaintiff being the moving party, and giving as a reason for not producing the evidence that he had forgotten the conversation. No other proposition was discussed in this case. In *Hendy v. Desmond*, 62 Cal. 260, the court decided again the same proposition, and decided nothing more. In that case the court says: "The affidavit discloses but mere want of recollection."

But an entirely different state of facts surrounds this case. In the first place, the affidavit alleges diligence, and the circumstances of the case bear out the allegation. Again, there are none of the suspicious circumstances which are sometimes apparent in cases of this kind. There is no intimation or suspicion that any improper influence has been brought to bear upon these proposed witnesses. The defendant was a poor, ignorant, obscure tramp tinker, without money, or standing, or friends, or even acquaintances, charged with committing a crime which aroused the popular indignation and horror of the whole country. He was shut up in jail, without an opportunity to obtain testimony, and without means to employ counsel, and he had to depend on the efforts of counsel appointed to defend him. The witnesses proposed to be introduced here are acknowledged on all sides to be respectable citizens, above suspicion or reproach, and the circumstances of the case render it impossible that they could have been prompted to give this testimony in behalf of defendant by any other motive than a commendable and humane desire to prevent the punishment of an innocent man.

Inasmuch as other testimony had been introduced to prove this *alibi*, it is urged that the newly discovered testimony is cumulative, and therefore not sufficient to command a new trial; but this rule governing cumulative evi-

dence must be received with some modification, and given a common sense construction; and, whatever may be its application to other character of testimony, we do not think it applies where the object of the evidence is to prove an *alibi*. In *Pinckord v. State,* 13 Tex. App. 468, the court says:

"That evidence is cumulative, where the object sought is to prove an *alibi,* is no reason for its exclusion; on the contrary, the greater the number of witnesses to the facts establishing it, the stronger, ordinarily, would be our reliance upon and conviction of its truth."

The same doctrine was laid down in *Smythe v. State,* 17 Tex. App. 244; also, *Lawson v. State,* 13 Tex. App. 264; *Tyler v. State,* 13 Tex. App. 205. In this case the jury must have concluded, not that the witnesses who testified at the trial had not seen the defendant in Tumwater, because the testimony on that point was too overwhelming and convincing, but that they were mistaken as to date. Hence the materiality of this testimony to defendant. If he staid all night at Tice's hotel, in Tumwater, on the 5th of October, he could not have committed this murder in Tacoma. Was Tice mistaken as to the date? It can be gathered from the testimony that he only worked in Tumwater one day. The appearance of such a person in a small village like Tumwater would be very likely to be noticed by the inhabitants, and all the testimony pointed to the first Saturday of October. It was either on that day, or the witnesses were mistaken, and this additional proof is offered to show that the witnesses were not mistaken. In cases where the fixing of dates depends upon the memory, the memory of two men can be better relied upon than that of one; and every additional witness, if the jury believe in his integrity, would tend to establish in their minds the correctness of the date sworn to. It then becomes a question, not of whether one or two witnesses can be mistaken, but whether a large

number of witnesses, testifying independently, and from different standpoints, can be mistaken. Every witness and every independent circumstance of which he testifies, when his testimony tallies with the testimony of other witnesses, certainly renders more probable the correct establishment of the date, which, under the peculiar circumstances of this case, was the defendant's main reliance. And taking into consideration the indirect and meager character of the testimony upon which this conviction was based, and the character of the newly discovered evidence, as shown by the accompanying affidavits, we cannot with justice refuse to reverse the order of the court overruling the motion for a new trial.

The judgment is reversed, and the cause remanded.

ANDERS, C. J., and STILES, and HOYT, JJ., concur.
SCOTT, J., dissents.