A. F. GERRANS, Appellant, v. THE GEORGE WENGER MACHINERY & SUPPLIES MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals, December 6, 1892.

Practice, Trial:. SUFFICIENCY OF EVIDENCE. A jury may draw inferences from evidence, but such inferences must be logical deductions; bare conjecture is not permitted. And *held* that the evidence was insufficient to establish the cause of action alleged herein.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Frank E. Richey*, for appellant.

The court erred in instructing the jury that the plaintiff could not recover on the first item of the plaintiff's account. There was some evidence to sustain the action on the item in question, and where there is any evidence at all, however slight it may be, and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. *Taylor v. Short*, 38 Mo. App. 21; *Matthews v. Railroad*, 26 Mo. App. 75; *Grant v. Railroad*, 25 Mo. App. 227.

*Rassieur & Schnurmacher*, for respondent.

ROMBAUER, P. J.—This action was originally commenced before a justice of the peace upon the following account:

ST. LOUIS, December 8, 1891.

*George Wenger Machinery & Supplies Mfg. Co., a corporation, to A. F. Gerrans, Dr.*

| | | |
|---|---|---|
| July, 1891. To profit on one double-head bolt-cutting machine.. | $145 | 00 |
| November 18, 1891. To royalty on six double-head bolt-cutting machines at $15 each..................................... | 90 | 00 |
| November 18, 1891. To royalty on two single-head bolt-cutting machines at $7.50...................................... | 15 | 00 |
| | $250 | 00 |

Upon the trial in the circuit court it was admitted that there was no controversy touching the last two items, but that the defendant's liability on account thereof was on only $98.90, and not $105. Evidence was thereupon offered by the plaintiff in support of the first item. At the close of such evidence the court instructed the jury to find a verdict for the plaintiff in the sum of $98.90, thereby deciding as a matter of law that the plaintiff had offered no substantial evidence in support of the first item. This ruling is the error complained of.

The plaintiff gave evidence tending to show that the defendant requested his permission to make a machine according to certain patents controlled by him, and that he gave such permission on November 1, 1890, in writing as follows:

"You have my permission to have cast from my bolt-cutting patterns castings for one machine, with the understanding that the machine shall not be sold for less than five hundred dollars ($500) net, your company to receive three hundred and fifty-five dollars ($355) for the manufacture and sale, fifteen dollars ($15) to be paid me in cash on machine being sold and paid for, and whatever balance is left is to be credited to me on my note that you hold. Old note to be destroyed and new one given."

There was no evidence tending to show that this machine was ever completed. There was evidence tending to show that, nearly one year after this permission was given, the plaintiff addressed a letter to the defendant, inquiring whether it had the castings still on hand which it was authorized to have made under the written permission of November 1, to which the defendants replied that "the castings were worked in with the bolt cutters for the Madison Car Company." The plaintiff's evidence conceded that the bolt cutters for the Madison Car Company were the eight bolt cutters mentioned in the account sued upon, and for which the plaintiff recovered a royalty of $98.90 in this suit. It did not appear at what figure the bolt cutters were sold to the Madison Car Company, nor did it appear what profit, if any, was realized on that sale, nor whether any of those machines were of the same pattern and design as the machine mentioned in the memorandum of November 1. It did appear inferentially that the bolt cutters for the Madison Car Company were made under

a contract which the plaintiff had with that company, which contract he had turned over to the defendant. It furthermore appeared that, at the date of the institution of this suit, the defendant still held the note of plaintiff mentioned in the memorandum of November 1, but that subsequently the note was paid, being used by way of counterclaim in an action between the same parties.

The plaintiff claims that the facts thus shown furnished substantial evidence, from which the jury might infer that the machinery mentioned in the memorandum of November 1 was one of eight machines sold to the Madison Car Company. That view is not tenable. In the absence of all evidence that the machines sold to the company were of the same design and construction as the machine mentioned in the memorandum, and in the absence of all evidence as to what those machines sold for, there was no evidence to go to the jury on the first item of the plaintiff's account. The memorandum of November 1 did not bind the defendant to construct any machine, and, unless it constructed and sold it, it was not liable to the plaintiff on that account. That the castings made for that machine were worked in with the bolt cutters for the Madison Car Company furnishes some inferential evidence that they could be thus used, but even the claim that such castings, when put together, constituted one entire machine, rests upon bare conjecture. A jury may draw inferences from evidence, but such inferences must be logical deductions. There is a wide difference between logical inference and bare conjecture. *Ascher v. Schaeper*, 25 Mo. App. 1. Nor can a plaintiff, even before a justice of the peace, sue on one cause of action and recover on another. Hence, the fact that the plaintiff had *some* cause of action against the defendant at the date of the institution of this suit,

even if it were established, has no tendency to show that he had *a matured cause of action* for the recovery of money. *McDowell v. Morgan*, 33 Mo. 555.

With the concurrence of all the judges, the judgment is affirmed.