MAY DEVINE, Appellant, v. ROLLA WELLS, Receiver of United Railways Company of St. Louis.

Division One, July 31, 1923.

1. **NEW TRIAL:** Newly Discovered Evidence: Discretion of Trial Court. Timely applications for new trials on the ground of newly

discovered evidence are not viewed with favor, are not to be encouraged and ought to be examined with caution. But the exercise of the trial court's discretion in refusing or sustaining such an application will not be disturbed by the appellate court unless a manifest abuse of that discretion is made to appear; and the appellate court is less disposed to interfere when a new trial has been granted than when it has been denied. But in either case the discretion of the trial court is not unlimited; it is not measured by the mere will of the trial judge, but must be the exercise of an impartial discretion, guided and controlled by fixed legal principles and looking to the establishment of substantial justice.

2. ———: ———: Requisites: Independent or Corollary. The rule laid down in State v. McLaughlin, 27 Mo. l. c. 112, that one who seeks a new trial on the ground of newly discovered evidence is required to show, first, that the evidence has come to his knowledge since the trial; second, that it was not owing to a lack of diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if the new trial were granted; fourth, that it is not cumulative only; fifth, that the affidavit of the witness himself should be produced, or its absence accounted for; and, sixth, that the object of the evidence is not merely to impeach the character or credit of a witness, has often been approved. But where it is clear that the object of the newly discovered evidence was not merely to impeach a witness, that the affidavits of witnesses were filed and the evidence came to the applicant after verdict, it is only necessary to examine the other three requirements, nor is it necessary to determine when such other requisites appear, whether the requirement that the evidence must not be cumulative only is an independent and inflexible one or a corollary of the third requirement.

3. ———: ———: Cumulative. Evidence is cumulative when it is of the same kind, to the same point, and in accordance with this definition is to be interpreted the statement made in some cases that it is evidence of "the same import as that given at the trial." It is not cumulative merely because it tends to prove the same ultimate fact; nor is it cumulative if it is different in character or kind, or relates to new, distinct and material facts about which there was no testimony at the trial, though it may bear on the main issue. If it tends to prove one main contention made by defendant, but is different in kind from the expert testimony, and is evidence of a fact not covered by the direct testimony, except by plaintiff herself, it is not cumulative. So that where plaintiff's extremely distressing nervous condition was overwhelm-

Devine v. Wells.

ingly established and made manifest by her paroxysms at the trial, and she testified that she had never been sick in this way before, newly discovered evidence, including admissions by her, that long prior to the accident she had been in the same distressing condition, a fact concerning which no evidence was offered except her own, is not cumulative.

4. ——: ——: **Diligence: Dependent Upon Circumstances.** Diligence in the discovery of evidence depends in a great degree upon the circumstances surrounding the parties and the conduct of the cause; and where the trial court has granted a new trial on the ground of newly discovered material evidence, and there were presented substantial grounds why the witnesses were not found prior to the trial and that defendant was misled by plaintiff's false deposition, the appellate court will not interfere with the court's order unless it is made clearly to appear that the trial court acted unreasonably in reaching its conclusion that reasonable diligence had been employed.

5. ——: ——: **Probable Different Result.** The trial court is in a better position than the appellate court to determine whether the newly discovered evidence is so material that it would produce a different result if a new trial were granted, and unless it be made clearly to appear that it unwisely exercised its discretion in that respect in granting the new trial this court will not interfere; and where the proffered evidence if believed, would put plaintiff's principal ground of recovery out of the case, there was no abuse of discretion in granting defendant a new trial.

6. ——: ——: **Motion: Upon Affidavit of Agent.** The motion for a new trial on the ground of newly discovered evidence, in an action brought against the receiver of a large street railway system, may be sworn to by the claim agent and attorney to whom such claims are committed by him and other persons who have the actual information set forth in the motion, and if sworn to by them it will not be held insufficient because not sworn to by defendant.

7. ——: ——: **Affidavits Part of Motion.** Affidavits setting out the newly discovered evidence upon which the motion for a new trial is based, if they and the motion are all filed within the four-day period, are to be considered a part of the motion, and as incorporated therein by reference.

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer*, Judge.

AFFIRMED.

*Louis E. Trieseler, Foristel & Eagleton* and *O. J. Mudd* for appellant.

(1) Motions for new trial on the ground of newly discovered evidence should be discouraged; should be strictly construed; should be sustained only in exceptional cases; should be refused as a rule, and granted as an exception. State v. McLaughlin, 27 Mo. 111; State v. Ray, 53 Mo. 349; Cook v. Railroad, 56 Mo. 381; Mayor of Liberty v. Burns, 114 Mo. 433; Adam Roth Grocery Co. v. Hotel Co., 183 Mo. App. 429; MacCallum v. Printing Co., 221 S. W. 158. (2) The court erred in setting aside the verdict and granting respondent a new trial on the ground of newly discovered evidence, because the motion for a new trial does not contain any such ground of new trial. The purported statement of such ground in the motion (a) neither contains the supposed newly discovered evidence, nor (b) does it show due diligence to discover such evidence as required by applicable rules of law; and the motion is therefore fatally defective and insufficient as a statement of ground for new trial. Davis v. Peveler, 65 Mo. 189, 192 S. W. 448; King v. Gibson, 206 Mo. 264, 253 Mo. 162; Winn v. Grier, 217 Mo. 461; Wabash Railroad Co. v. Cockrell, 182 S. W. 448; State v. Walker, 232 Mo. 252, 261; Polski v. St. Louis, 264 Mo. 458. (3) The motion is defective because not sworn to by the defendant. It should be supported by the affidavits of the defendant as well as of the persons who make the affidavits filed in support of the motion. Gray v. Lumber Co., 177 S. W. 595; Winn v. Grier, 217 Mo. 461; State v. Miller, 144 Mo. 30; State v. Nettles, 153 Mo. 468; Stahlman v. Rys. Co., 183 Mo. App. 149; State v. McLaughlin, 27 Mo. 111. (4) The motion for a new trial must contain a "written specification of the new reasons" on which a new trial is asked. R. S. 1919, sec. 1257; Polski v. St. Louis, 264 Mo. 458.

(5) Defects in a motion for new trial may not be cured by affidavits filed in support of it. King v. Gibson, 206 Mo. 264; Bank v. Potts, 148 Mo. 176; Hanks v. Hanks, 218 Mo. 678; State ex rel. v. McQuillan, 256 Mo. 708; Pullis v. Summerville, 218 Mo. 649; Robinson v. Levy, 217 Mo. 510; State v. Walker, 232 Mo. 262; Vaughn v. Daniels, 98 Mo. 231; Curry v. Lackey, 35 Mo. 392. (6) And unless the motion contains a properly laid ground of new trial, on newly discovered evidence, then the affidavits in support of the motion are not receivable, perform no valid function whatever, and should not be read or considered by the court. Gray v. Lumber Co., 177 S. W. 596; Winn v. Grier, 217 Mo. 461; King v. Gibson, 206 Mo. 264; State v. Walker, 230 Mo. 262. (7) The condition of plaintiff's health prior to the accident was an issue at the trial, and was the subject there of, combat on the examination of the witnesses and of evidence *pro* and *con.* The defendant cross-examined plaintiff's witnesses at length as to the point and called witnesses on his own behalf to controvert plaintiff's evidence on the point, and asked and received instructions based on that evidence and the issue raised on it. Further evidence thereon, as contained in the defendant's affidavits in support of the motion is ''cumulative'' and as such is not a legal ground of new trial as ''newly discovered evidence.'' Beauchamp v. Sconce, 12 Mo. 57; Bogg v. Lynch, 22 Mo. 563; Wells v. Sanger, 21 Mo. 359; Cook v. Ry. Co., 56 Mo. 384; Stahlman v. Rys. Co., 183 Mo. App. 151.

*T. E. Francis* and *W. H. Woodward* for respondent.

(1) The policy of appellate courts is to encourage the trial court in the exercise of its discretion in granting new trials for newly discovered evidence. Gaty v. United Rys. Co., 227 S. W. 1041; McPherson v. Harvey, 183 S. W. 653. (2) The names of the witnesses giving the newly discovered evidence were set forth in the mo-

tion, together with the ultimate fact as to which they would testify, namely, plaintiff's previous physical condition. The details of their testimony were set out in affidavits, incorporated and bound with the motion and referred to by the motion and this meets the requirements of the decided cases. King v. Gilson, 206 Mo. 279; Lyons v. Railroad, 253 Mo. 162; Davis v. Peveler, 65 Mo. 193; State v. Walker, 232 Mo. 262; Banks v. Porter, 148 Mo. 183; Gray v. Lumber Co., 177 S. W. 595; McPherson v. Harvey, 183 S. W. 653. (3) Whenever demonstrations are so prejudicial and so often repeated as to deprive a party of a fair trial, it is the court's duty to declare a mistrial or after verdict, to grant a new trial. Stutz v. Milligan, 223 S. W. 128; McClendon v. Bank, 188 Mo. App. 417.; McPherson v. Harvey, 183 S. W. 653; Aetna Ins. Co. v. Mo. Pac. Ry. Co., 123 Mo. App. 513; Wendler v. Peoples House Furn. Co., 165 Mo. 527.; Boulware v. Mfg. Co., 152 Mo. App. 567. (4) The granting of a new trial will be sustained where the verdict amounts to a fraud upon the court or upon justice. Sec. 1453, R. S. 1919; Allen v. Railroad Co., 167 Mo. App. 498; Thompson v. Emerson, 118 Mo. App. 232. (5) The granting of a new trial will be sustained where a verdict has been obtained by perjured testimony. Sec. 1453, R. S. 1919; Ridge v. Johnson, 129 Mo. App. 541; Thompson v. Emerson, 118 Mo. App. 232; Rickroad v. Martin, 43 Mo. App. 597.

JAMES T. BLAIR, J.—This is an appeal from an order granting a new trial, on the stated ground of newly discovered evidence, after a $20,000 verdict for appellant in an action she brought for injuries she alleges she suffered by reason of the negligent operation of a street car.

The negligence alleged is that while appellant was entering a street car and was paying her fare the car was negligently started violently and with an unusual jerk and she was thereby thrown to the street and hurt.

There was evidence tending to support this allegation. There was evidence that appellant fell before the car started, and without any cause for which respondent could be liable. Appellant alleged that she suffered injuries external and internal of a grave character; that as a result it was necessary to remove her appendix, one fallopian tube and the right ovary; and that her stomach has been so affected that it will not retain food and she suffers from fits of vomiting, dizziness, neurasthenia and insomnia. The testimony shows that the operation alleged was performed and the parts mentioned removed. It shows rather a possibility than a probability that this was necessitated by any injury. This is not to be understood as a decision that there was no evidence sufficient to warrant the submission of the conditions as a basis for the assessment of damages. That question is not made in the briefs and is not decided here. The evidence that appellant suffered from continued vomiting after the accident and the trial is overwhelming and was supplemented by the frequent recurrence of such "spells," as they are called in the petition, in the presence of the jury. There is no doubt that in this respect appellant is in a most pitiable and distressing condition. Appellant testified she had never been sick in this way before. There was not much evidence of external injury from appellant's fall. After verdict, and within time, a motion for new trial containing many grounds was filed. One of these grounds was based upon newly discovered evidence. On the same day, and with the motion, several affidavits were filed to which the motion expressly referred, naming the witnesses, as "hereto annexed and made a part hereof." Subsequently, by leave, other like affidavits were filed by respondent, and others in answer by appellant. Those filed by appellant are not in the record. The ground of the motion on the point in question is as follows:

"That since the 11th day of June, 1921, when the trial of this case was concluded, defendant had discovered

new evidence which is vital and material to the trial of
said cause, and that defendant could not, by the use of
reasonable diligence, have discovered said evidence in
time for the trial, and that defendant came to the knowl-
edge of such evidence after the conclusion of the trial,
when certain of the witnesses, whose affidavits are hereto
annexed, telephoned defendant of the facts within their
knowledge, and that defendant did not discover said evi-
dence prior to the time it was volunteered by such wit-
nesses, for the reason that defendant did not know such
witnesses, did not know and had no way of ascertain-
ing that plaintiff had lived with them at 2635 Russell
Avenue, and had no way of knowing that she had there
been treated by Doctor Martin J. Glaser in 1918, for the
reason that plaintiff testified in her deposition that she
had never been sick during the six years last passed.
The affidavits of Dona Wallace, Thomas Wallace, Dr.
Martin J. Glaser, Benjamin Howell and W. H. Wood-
ward are hereto annexed and made a part hereof.''

Two of the affidavits filed by respondent with the
motion are to the effect that affiants, Mr. and Mrs. Wal-
lace, had appellant in their home as a boarder in 1918
for about two months; that she said she came from the
hospital; that she constantly complained of being sick
and frequently had attacks which began with nervous-
ness and hysteria and were accompanied by ''extreme
retching and vomiting.'' These attacks were accom-
panied by fainting spells and sometimes lasted for hours.
Specific instances were detailed. Excitement or any
disagreeable occurrence ''invariably developed'' these
attacks. These affiants knew nothing of the lawsuit un-
til they saw an article concerning the verdict. The ar-
ticle mentioned appellant's attacks of vomiting as the
basis of recovery. Affiants then concluded to advise
respondent's counsel of what they knew, and did so.
Dr. Glaser's affidavit shows that in 1918 he was called
three times to treat appellant for hysteria and vom-
iting, severe headaches and dizziness while she was at

the Wallace home. Benjamin Howell made affidavit that he was assigned by the claim department to investigate this case; that he had charge of the investigation and he had never heard of the Wallaces and did not know Dr. Glaser and could not and did not ascertain that appellant had resided at the Wallace home; that appellant gave other addresses in St. Louis as her place of residence during recent years, preceding the accident. This is supported to some extent by answers of appellant in her deposition which was filed with the motion as an affidavit. Counsel in charge of the case for the receiver also made affidavit that his first knowledge of the facts set up in the motion and by the Wallaces and Dr. Glaser came to him from the Wallaces in the manner stated by them; that he had made every effort to find persons familiar with appellant's previous history but had not discovered the facts set up; that appellant had said in her deposition (as she did) that she had never been ill during the several years preceding the accident. Other matters appear in these affidavits, but need not be detailed. Under leave, several other affidavits were subsequently filed which seem to have come from witnesses discovered by reason of the beginning made with the Wallaces. One of these was a physician. All strongly supported the contention that appellant's condition, on which the recovery seems chiefly based, antedated the accident. Detailed evidence is set out. Further facts appear in connection with points discussed. The trial court sustained the motion on the ground mentioned. This appeal followed. Respondent insists the ruling was right for the reason the trial court gave, and, further, is justified by several other reasons which he brings forward. In the view we take of the case these need not be set forth.

I. Applications for new trial on the ground of newly discovered evidence are not viewed with favor, are not to be encouraged and ought to be examined with

caution. [Cook v. Railroad, 56 Mo. l. c. 382; Mayor v. Burns, 114 Mo. l. c. 432, 433.] This rule guides the trial court in ruling on the motion and has its place in the review of that ruling. The settled general rule is that the trial court's exercise of discretion in refusing or sustaining motions for new trial will not be disturbed unless a manifest abuse of that discretion is made to appear. That rule has been many times applied by this court in sustaining trial courts in overruling motions based upon newly discovered evidence. In Cook v. Railroad, supra, it was said: "The granting of new trials, because of evidence newly discovered, rests for the most part with the trial court; and any doubt, as to whether the discretion vested in this regard in that tribunal has been soundly exercised, is to be resolved in favor of its ruling. It is only in a case entirely free from any element of uncertainty 'as to the impropriety of such ruling, that appellate courts feel themselves called upon to interfere." The rule is to be applied in considering an order granting a new trial on the ground of newly discovered evidence, as in this case. It was so held in Howland v. Reeves, 25 Mo. App. l. c. 467, in an opinion by PHILIPS, J. There seems to be no reason to doubt this rule. It is strengthened by the principle adopted in Helm v. Bassett, 9 Mo. l. c. 55 (cited in the Howland Case) and generally approved. In Longdon v. Kelly, 51 Mo. App. l. c. 576, the court was considering the correctness of a ruling sustaining a motion on the ground of newly discovered evidence. The court said: "At the threshold of plaintiff's case he is met with the strong, though not absolutely insuperable, barrier of a trial court's discretion in the matter of granting new trials. The books are well filled with declarations by authors and courts which vigorously maintain that this function belongs naturally and peculiarly, though not exclusively, to the trial court. In plain cases, *free from doubt,* the appellate court will revise such discretion in the *plain* and *apparent* interest of justice under the

*Discretion of Court.*

forms of law. In examining the law on this subject, care should be taken not to confuse the language of courts in approving the action of a trial court in refusing a new trial with language applicable to cases where a new trial has been granted. In other words, the language of courts in sustaining the discretion which has been exercised by the trial court is often not applicable to a case overturning such discretion." Upon the holding that the appellate court is less apt to interfere when a new trial has been granted than when it has been denied, this decision frequently has been cited with approval. [Harkness v. Jarvis, 182 Mo. l. c. 241, 242; Parker v. Britton, 133 Mo. App. l. c. 274; Parks v. Coyne, 156 Mo. App. l. c. 395.] The discretion of the trial court is not, however, an unlimited one. It is not measured by the mere will of the trial judge. It is "not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles." [Bailey v. Taaffe, 29 Cal. 423, cited in Parks v. Coyne, supra, and in many other cases.] It does not extend to an unmixed question of law. A trial court may not arbitrarily deny a conclusively established fact. The rule looks to substantial justice in the end, and the ruling obviously ought to be reviewed and corrected when its clear result is to the contrary.

II.  In State v. McLaughlin, 27 Mo. l. c. 112, it is held, among other things, that it is requisite that one who seeks a new trial on the ground of newly discovered evidence shall show: "1st, that the evidence has come to his knowledge since the trial; 2d, that it was not owing to the want of diligence that it did not come sooner; 3d, that it is so material that it would probably produce a different result if the new trial was granted; 4th, that it is not cumulative only; 5th, that the affidavit of the witness himself should be produced, or its absence accounted for; and 6th, that the object of the testimony is not merely to impeach the

*Requirements.*

character or credit of a witness." This has often been approved. Waiving for the moment certain objections to the form and manner in which respondent presented the question in the trial court, these six requirements may be examined.

(1) It is clear (6) the object of the testimony is not merely to impeach a witness, (5) the affidavits of witnesses were filed, and (1) the evidence came to respondent after verdict. There can be no controversy about these three things.

(2) Is the evidence merely cumulative, as appellant insists? The facts of this case do not require a discussion of the relation of the six named requirements to each other-or a consideration of the question whether the rule as to cumulative evidence is an independent and inflexible one or is "a corollary" of the third requirement. [Oberlander v. Fixen, 129 Cal. 690, citing Hayne on New Trial, pp. 255, 256; Miller v. Whitson, 40 Mo. l. c. 103; Folding Bed Co. v. Railroad, 148 Mo. l. c. 485; Vickers v. Carey, 151 Pac. (Okla.), 1023, L. R. A. 1916C, and note, l. c. 1190, et seq.] Nor are the exceptions to the rule necessarily involved. Evidence is cumulative when it is "of the same kind, to the same point." [1 Greenleaf on Evidence (16 Ed.) sec. 2, p. 4.] Mr. Greenleaf illustrates:

Cumulative. "Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another verbal admission of the same fact is cumulative." The rule stated is approved in Howland v. Reeves, 25 Mo. App. l. c. 464; Folding Bed Co. v. Railroad, 148 Mo. l. c. 484, 485; Longdon v. Kelly, 51 Mo. App. l. c. 577. It is applied in Gardner v. Ry., 167 Mo. App. l. c. 612, 613; Bresnan v. Grogan, 74 Mo. App. l. c. 590, 591; Cook v. Railroad, 56 Mo. l. c. 384. In Beauchamp v. Sconce, 12 Mo. l. c. 58, 59, the correct conclusion was reached but broad language was used in stating the rule. That language is to be understood in the light of the facts then presented. In that case as in Wells v. Sanger, 21 Mo. l. c. 359, it is said that evidence

"of the same import as that given at the trial" is cumulative. If "the same import" is interpreted in accordance with the rule first stated, it is well enough. The court so applied the rule in the two cases last cited. The rule is applied in Boggs v. Lynch, 22 Mo. 1. c. 565, 566, but no formula is laid down. In Blake v. Ins. Co., 133 Mo. App. 1. c. 18, 19, in which Beauchamp v. Sconce is quoted, the true rule seems broad enough to justify the result. The rule is not that evidence is cumulative merely because it tends to prove the same ultimate fact. [Able v. Frazier, 43 Iowa, 175.] If it is different in character or kind (Wynne v. Newman, 75 Va. 811), or relates to new, distinct and material facts about which "there was no testimony, it is not cumulative though it may have some bearing on the main issue in controversy at the trial." [G. S. & F. R. Co. v. Zarks, 108 Ga. 800; Goldsworthy v. Linden, 75 Wis. 24.] In fact, unless it "has some bearing" upon the issue or issues it is irrelevant and immaterial and would not even have been admissible on the trial, much less afford ground for a new trial. If all evidence is cumulative which tends to prove the case, then all newly discovered evidence which could affect the result would be excluded by the cumulative rule, as a ground for new trial, and all evidence which could not affect the result would be excluded because it could not affect the result. There is no such rule. In Stahlman v. Rys. Co., 183 Mo. App. 1. c. 151, the ruling was not in accord with the principle. The rule that cumulative evidence "of the same kind to the same point" is the one usually given. [Vickers v. Carey Co., 151 Pac. (Okla.) 1023; 29 Cyc. 907; 14 Ency. Pl. & Prac., pp. 813, 814, 817; State v. Stowe, 3 Wash. 206, 14 L. R. A. p. 609.] Tested by the principles stated, the evidence tendered is not cumulative since it tends to prove a fact concerning which no evidence was offered, i. e. that appellant's extremely distressing nervous condition, the principal ground of recovery, actually had been observed and seen to exist long prior to her injury.

It tended to prove one main contention made by respondent but was different in kind from the expert testimony and was evidence of a fact existing during a period not covered by direct testimony, except by the testimony of appellant. Evidence of what amounts to an admission by her of her condition prior to the trial is found in the affidavits. [Junget v. Ry. Co., 177 Ill. App. l. c. 439; St. L. S. W. Ry. Co. v. Smith, 38 Tex. Civ. App. l. c. 511.] In a case in point (Grogan v. Ry. Co., 39 W. Va. l. c. 420, 421) plaintiff and his wife had testified that he had previously had no hernia. On application for new trial defendant tendered evidence of a physician who claimed to have treated plaintiff for hernia. The court said: "Of course evidence plainly calling for a new trial and not cumulative must of necessity bear on the same point" (issue?) "involved in the former trial, else it would be irrelevant and foreign to the issue and not a ground for new trial because collateral. . . . . The new evidence may bear upon and tend to prove the same matter or proposition as the old, yet it may do this by establishing facts so dissimilar in kind, as compared by the facts proven by the former evidence, that it would afford no pretense for saying it is cumulative." The court holds the evidence not cumulative. "It goes to prove a distinct affirmative fact, not proven, and which no evidence tended to prove on the trial. The defense did not assert or attempt to prove that fact on the former trial, but sought to show from the fact that the plaintiff walked several miles, . . . and made no mention of any hurt. . . . That he really received no hurt." The court then held the evidence not cumulative of that of plaintiff and his wife and affirmed the order granting the new trial.

(3) It appears clearly enough that the evidence was not discovered until after the trial, but it is urged that no diligence was shown. The motion states that the evidence was not discoverable before the trial by the use of reasonable diligence and came to defendant's

knowledge only when certain named witnesses (affidavits attached) telephoned defendant, after the trial, of the facts within their knowledge "and that defend-

**Diligence.**

ant did not discover said evidence prior to the time it was volunteered by such witnesses, for the reason that defendant did not know and had no way of ascertaining that plaintiff had lived with them at 2635 Russell Avenue, and had no way of knowing that she had there been treated by Dr. Martin J. Glaser in 1918, for the reason that plaintiff testified in her deposition that she had never been sick during the six years last passed." The deposition of appellant was filed with the motion as and for an affidavit. It shows appellant testified on June 23, 1920, that she had "never had an ache or pain" and had never been treated by any doctor before the accident happened. This was soon after her return from the hospital. She was asked and gave her residence since the accident, and was asked where she lived before the accident and gave an address on Lafayette Avenue. An affidavit of a claim agent who investigated for respondent is to the effect, among other things, that he "did and could not ascertain that the plaintiff ever resided at 2635 Russell Avenue, inasmuch as the plaintiff gave other addresses in the city of St. Louis as her place of residence in recent years. In addition, this court will take, as the trial court did, judicial notice of the population of the city of St. Louis. Passing for the moment the question whether the affidavits can be considered on this phase of the case, the court is of the opinion that the showing made is of such character that it cannot be said clearly to appear that the trial court acted arbitrarily or unreasonably in exercising the discretion with which it was invested. "As to the question of diligence, . . . it having been determined in favor of defendants by the trial court in granting the application, it would require a clear case of the absence of reasonable diligence to be shown by the record before we would deem it our duty to disturb the conclusion arrived

at by that court. Diligence, or the want of it, in a particular case, depends in so great degree upon the various circumstances surrounding the parties and the conduct of the cause, which are peculiarly within the knowledge of the trial court, that its determination, made in view of them, would rarely be interfered with by us.'' [Jones v. Singleton, 45 Cal. 1. c. 94, 95; Smith v. State, 81 Ga. 1. c. 481; Andersen v. State, 43 Conn. 1. c. 517; State v. Stowe, 3 Wash. 206.]

(4) With reference to the other requirement, i. e. that the evidence is so material that it would probably produce a different result, the trial court is again in a much better position than this court and ''much, therefore, must be conceded to the discretion of the court in its ruling in regard to the matter, and unless it

Different Result. be made to clearly appear that such discretion was unwisely exercised, this court will not interfere.'' [Schmitt v. Railway, 160 Mo. 1. c. 55.] In this case, if the proffered evidence is believed, appellant's principal ground of recovery is put out of the case. If that evidence is true and her nervous condition, with all its dreadful effects, is not to be charged against respondent, the verdict is so manifestly excessive that it is hardly conceivable that the jury would have returned a verdict for a tithe of it, if at all. The jury could easily have found that the operation was not necessitated by the accident. On the question stated the rule approved by this court is satisfied in this case. [Folding Bed Co. v. Railroad, 148 Mo. 1. c. 485.]

III. Appellant insists that the trial court was not authorized to sustain the motion on the ground it assigned for the order because (1) the motion did not contain the newly discovered evidence, and (2) ''was not sworn to by the defendant.'' Numerous decisions are cited. It is required that such a motion be

Sworn to by Agent. supported by competent proof. It is quite true that statements of fact in such a motion no more prove themselves than do such statements of fact

in support of other grounds for new trial. It is a usual requirement that the applicant party shall swear to the motion. In that case the motion itself becomes also the affidavit of the applicant and must contain all that is required to be shown by his oath. In this case the applicant is an officer of a court, a receiver in charge of the street railway property. The motion and affidavits filed with it show that the investigation of the case was handled by the claim department, and the agent designated to investigate it makes his affidavit, which was filed with the motion within the four-day period. In addition, the attorney in charge of the defense makes and files, at the same time with the motion, his affidavit. The receiver is in charge of a great corporation. It sufficiently appears that he had committed this case, doubtless with many others, to his claim department and legal department for investigation and trial. Those employees in those departments in personal charge of this case for those purposes make the affidavits. The situation resembles closely that in which a large corporation is the defendant. In such a case it could not, as such, make the affidavit usually required of the applicant for a new trial on a ground like that in question. Some one must make the affidavit, and the affidavit of some one must be held sufficient, so far as concerns the character of the affiant, unless corporations are to be denied new trials on such grounds simply because they are corporations. Affiants should be those charged with the business and likely to have the information. Affidavits of others would not suffice. We think the affidavits of the agent and of the attorney, in the circumstances, are sufficient in so far as the objection now being considered is concerned; provided the affidavits are to be considered with and as a part of the motion.

IV. It is earnestly urged that the motion does not sufficiently set out the evidence. In view of the conclusion already reached, that the evidence is sufficiently set out

300 Mo.—13

if the affidavits filed at the same time with the motion are considered a part of it, the question remaining is whether these four affidavits are to be considered a part of the motion. There are numerous decisions which at least intimate that the evidence, facts constituting diligence, etc., must be stated in the motion and cannot be supplied by affidavits. In some cases the affidavits were filed after the four-day period had expired. It is clear the rule applies to such cases. Otherwise, it would mean that a motion for new trial could be amended, after the statutory period, to include (in effect) a new ground. In other cases the only affidavit filed by the applicant was that which resulted from his swearing to the motion. In such case, unless the motion set up all the necessary facts, there was no sufficient affidavit at all. Clearly the rule applies in a case of that kind. In Davis v. Peveler, 65 Mo. l. c. 193, cited by appellant, the motion stated nothing, was not sworn to by anyone, and no affidavits of any sort were filed with the motion or thereafter, as the record in this court shows. In King v. Gilson, 206 Mo. l. c. 280 et seq., the motion for new trial was filed on March 27, 1906. The record shows that the affidavits were not filed until in April; that the motion set out no facts in regard to the evidence discovered or the diligence used and did not name witnesses. It was not sworn to and no affidavit of any of the defendants was filed at any time. What is said in that case fits the situation the record disclosed. In Lyons v. Metropolitan St. Ry., 253 Mo. 161 et seq., the record shows no evidence was set out in the motion and no facts showing diligence were set out. No witnesses were named in it. The motion was not sworn to. The affidavit of counsel who tried the case was filed, but it entirely fails to show diligence in respect of the evidence, and, in fact, shows the contrary. Tudor's affidavit contained nothing tending to show diligence. Nor did that of Newton, which was filed after the four-day period. No others were filed. The decision

*Affidavits Part of Motion.*

had reference to these facts. In State v. Walker, 232 Mo. 1. c. 261, 262, an attempt was made by affidavits filed at a subsequent term to introduce evidence, not previously set up, as a ground for new trial. The same situation existed in Gray v. Missouri Lumber & Mining Co., 177 S. W. (Mo.) 1. c. 596, and in MacCallum v. Wilson Ptg. Co., 221 S. W. 1. c. 159. In Winn v. Grier, 217 Mo. 1. c. 461, the record shows that the motion was not sworn to; that it set out neither evidence nor facts showing diligence nor names of witnesses, and that no affidavits were filed with the motion or within the four days allowed for filing motions for new trial. These decisions are not in point on the question now being considered.

In this case the ground of the motion is supplemented by four affidavits filed in time and with the motion and by reference in the motion made a part of it. The object of the showing as to the evidence and as to diligence and other requirements is that the proof of these requisites shall be made to the trial court. There is no sound reason for saying that the affidavits filed in time and with the motion are not incorporable in the motion by suitable reference made therein. So to say would make an exception to the rule of incorporation by reference without any reason therefor. The precise form in which proof is made of diligence and of the evidence discovered and of the fact that it was discovered after the trial is not unchangeably fixed by any rule laid down by this court, and it would be out of harmony with the spirit of the real principles governing in such cases for this court to say that though incorporations by reference are well enough in a deed or a statute, yet a trial court has no power to consider such an incorporation in ruling on a motion for new trial. The facts appeared to the trial court within the four days with sufficient compliance with technical requirements to warrant its ruling and to prevent this court from interfering with its exercise of discretion in the premises.

Other grounds for new trial are urged in support of the trial court's ruling, but in view of what has been said they need not be considered. The order granting the new trial is affirmed and the cause remanded. All concur.