### 1613.    HOWELL *v.* THE STATE.

Where the newly discovered evidence is that of a witness of reputable character, and relates to a new and material fact which would probably produce a different verdict on a second trial, a new trial should be granted.    Especially is this true where the evidence of guilt on the first trial mainly consisted of an inference arising from the possession of

stolen property some weeks after the offense was committed, the property stolen being of a kind that easily passes from hand to hand, and the possession thereof being consistent with the defendant's innocence, as explained by his statement and the evidence in his behalf.

Indictment for burglary; from Cobb superior court—Judge Gober. December 30, 1908.

Argued January 26,—Decided February 9, 1909.

*Griffin & Attaway,* for plaintiff in error.

*J. P. Brooke, solicitor-general, B. F. Simpson,* contra.

HILL, C. J. The plaintiff in error was convicted of burglary. At the time of the burglary there was taken from the store-house burglarized "one blue serge sack-coat, and one pair of No. 7 men's shoes." The strongest incriminating circumstance shown by the evidence against the defendant was his possession of the coat alleged to have been taken from the store-house, some three or four weeks after the offense was committed. The defendant, who was a white boy nineteen years of age, explained his possession of the coat by the testimony of his father, two brothers, and a sister. These witnesses testified, that in the month of July, about the latter part of the month (the burglary having been committed about the 12th of July), one Olin Freeman came to their home and swapped the coat in question to the defendant for an old coat and $2 "boot," given to the defendant by his father for the purpose; and the defendant, in his statement to the jury, made a similar explanation of his possession of the coat. After his conviction the defendant made a motion for a new trial, on the general grounds, and an amendment to the motion contained the ground of newly discovered evidence. This ground was based upon the affidavit of a citizen of Cobb county, that he knew both the defendant and Olin Freeman, the person from whom the defendant claimed to have gotten the coat in question; that on the 17th day of July, five days after the alleged offense of burglary had been committed, he met Olin Freeman near his home, near the town of Kennesaw, in Cobb county; that he was in possession of the coat "about which the defendant, Fletcher Howell, was convicted," and that at that time Freeman offered to sell the affiant the coat for $5, or to trade it to him for the coat he was wearing and the sum of $3 "to boot." Affiant swears positively that the coat which Olin Freeman offered to sell or trade to him was the same coat

which was subsequently proven to have been in the possession of the defendant. Three reputable citizens of Cobb county made affidavit that they were acquainted with the person who made the affidavit setting out these facts; that his character and reputation were good, and that they would believe him on his oath. In all other respects this ground of the motion is fully supported by the statutory requirements.

We think a new trial should have been granted on the ground of newly discovered evidence. The case made against the defendant was not strong. The inference of guilt arising from the circumstance of possession of the coat several weeks after it was alleged to have been stolen is not of itself strongly incriminating; and when this circumstance had been explained, not only by the defendant's statement, but by the testimony of four witnesses, although these witnesses were members of his family, the probative value of the fact of possession became reasonably inconclusive. The jury seemed to have felt the force of this fact when they recommended that the offense be punished as a misdemeanor. Can it be reasonably doubted that if the testimony on the trial, explanatory of the defendant's possession, had been supplemented by the additional testimony of a disinterested and reputable witness as indicated by the affidavit made in support of a new trial on the ground of newly discovered evidence, a different verdict would have been the result? It is insisted that this testimony is cumulative; but we do not so consider it. The fact that the defendant bought or traded for the coat in question from Olin Freeman is a different fact from that contained in the affidavit of the newly discovered witness, that Olin Freeman had previously offered to sell or trade to the affiant the same coat. The newly discovered testimony is strongly corroborative of the evidence in the case, but can not in a legal sense be regarded as cumulative. While newly discovered testimony is not favored by the courts as a ground for another trial, yet there are cases where the ends of justice would demand that a new trial be granted for this reason; and in our opinion, the present one is such a case.   *Judgment reversed.*