1708.  MAYOR AND COUNCIL OF ATHENS *v.* PEELER.

While courts are reluctant to grant new trials on the ground of newly discovered testimony, yet where the evidence is in fact, under the statute, newly discovered, and the witness is fully accredited and apparently disinterested, and the evidence relates to specific, substantive facts, in no sense cumulative, within the knowledge of the witness, which, if believed by the jury, should and would probably produce a different verdict, a new trial is authorized and should be granted.

Action for damages, from city court of Athens—Judge Cobb. December 10, 1908.

Argued March 31,—Decided June 29, 1909.

*Henry S. West*, for plaintiff in error.

*George C. Thomas, John J. Strickland*, contra.

HILL, C. J. The plaintiff recovered a verdict against the City of Athens for personal injuries received by her while passing through a bridge erected and maintained in one of its streets over the Oconee river; and the defendant's motion for a new trial was overruled. Besides the usual general grounds, the plaintiff in error insists that a new trial should have been granted because of newly discovered evidence. There was some evidence to support

the verdict, and it is therefore only necessary for this court to examine the alleged newly discovered testimony, to determine if it is of such character as should entitle the defendant to another trial.

The plaintiff was the only witness as to the manner in which she was injured. She testified, that she was passing through the bridge about dark, and there were no lights burning so that she might discover and avoid any obstructions in the bridge; that she fell on a piece of timber that was lengthwise of the bridge, two inches thick and twelve inches wide; that the ends of the timber were not fastened down; and that her foot went up under the end of the timber, causing her to fall violently on the floor, from which she received the injuries complained of; that she had her little boy by one hand, and this prevented her from catching against the side of the bridge. Two men were in the bridge at the time of the injury, and both testified that they heard some one scream, and discovered the plaintiff and her little boy. Both testified that they did not see the plaintiff before her accident, and did not know what was the cause of her injury. The city introduced on the trial several witnesses, among them the city engineer, who testified that there were no loose planks on the bridge at the time of the plaintiff's injury. The alleged newly discovered testimony is directly on the point as to the manner in which the plaintiff was injured. The newly discovered witness makes an affidavit that he was driving a buggy across the bridge when the plaintiff was injured; that he saw her and the small boy passing through the bridge, the boy playing just in front of her, she having hold of his hand; and that just as he reached the bridge, the lady looked back over her shoulder, and, in doing so, stumbled over the boy and fell on the bridge; that the boy ran on through the bridge, and that the lady got up immediately and passed on out of the bridge. The affiant further states, that it was light enough to see in the bridge at the time, it being about sundown, and that he knows of his own knowledge that she did not fall over any plank or other obstruction in the bridge; but fell only for the reason that the little boy whom she was leading by the hand ran in front of her, and she ran over, tripped up, and fell over the child; that he was close to her at the time and looking directly at her and the boy, and had every opportunity to see and know the cause of her fall, and that there was no plank with its end extending

out or along where she fell, and that there was nothing on that place in the bridge over which she could have fallen. It will be seen that this evidence is in direct conflict with that of the plaintiff. It is as to a material and substantive fact, and if the jury should believe it, she would have no right to recover. The testimony is not cumulative or impeaching, except in the fact that it contradicts the evidence of the plaintiff as to the cause of her fall. This newly discovered witness is duly accredited, and the counsel for the city and the proper officials of the city attached to the motion the usual preliminary affidavits as to diligence and want of knowledge before the trial. The evidence meets every requirement of newly discovered testimony, and we think that the defendant should have the benefit of this testimony on another trial, especially in view of the fact that the only witness as to the manner of the injury was the plaintiff herself, and this newly discovered testimony is that of a witness presumptively worthy of credit and apparently wholly disinterested in the result of the case. Civil Code, § 5480; *Howell* v. *State*, 5 *Ga. App.* 612 (63 S. E. 600); *Clark* v. *Carter*, 12 *Ga.* 50 (58 Am. D. 485); *Thompson* v. *State*, 60 *Ga.* 619; *Stephens* v. *State*, 99 *Ga.* 200 (24 S. E. 853).

*Judgment reversed.*