CENTRAL OF GEORGIA RAILWAY COMPANY *v.* HARRIS, ex'r.

LUMPKIN, P. J.   1. This was an action for damages alleged to have been occasioned by the destruction of growing fruit-trees by fire which the plaintiff contended originated from sparks falling from a locomotive of the defendant railway company and igniting grass and other debris on its right of way, while the defendant insisted that the fire was started by tramps at a camp located elsewhere.   There is no complaint that the issue thus made was not properly submitted to the jury, and the evidence warranted a finding that the defendant was liable for the damages sustained.

2. Even if the court improperly admitted certain evidence offered to show the value of the trees destroyed, the error, if any, thus committed was cured by an order, to which the plaintiff assented, reducing the amount of the verdict in his favor to a sum to which, in any view of the evidence as to the admissibility of which there was no question, he was clearly entitled.                       *Judgment affirmed.   All the Justices concurring.*

Argued June 6, — Decided July 25, 1899.

Action for damages.   Before Judge Felton.   Houston superior court.   October term, 1898.

*Hall & Wimberly* and *R. N. Holtzclaw,* for plaintiff in error. *Louis L. Brown* and *Guerry & Hall,* contra.

---

GEORGIA SOUTHERN AND FLORIDA RAILWAY CO. *v.* ZARKS.

FISH, J.   1. A request to charge, though based on a theory which might constitute a good defense to the action, was properly refused when it appeared not only that no such defense was set up, but that the defense actually relied upon was totally different.

2. Evidence is not merely cumulative, though it may have some bearing upon the main issue in controversy, if it relates to new, distinct, and material facts about which no witness testified at the trial.   See *Dale* v. *State*, 88 *Ga.* 552.   The newly discovered evidence in the present case, it being in any view a close and doubtful one, was not, under the rule just stated, merely cumulative; and it was of sufficient importance to render the granting of a new trial proper and right.

3. The charges complained of in the motion for a new trial were not, in view of all the instructions given to the jury, erroneous or misleading.
                              *Judgment reversed.   All the Justices concurring.*

Argued June 6, — Decided July 25, 1899.

Action for damages.   Before Judge Felton.   Houston superior court.   October term, 1898.

*Hall & Wimberly* and *R. C. Jordan,* for plaintiff in error. *C. C. Duncan,* contra.