## DUGGAN *v.* THE STATE.

FISH, C. J. 1. The fact that since the conviction of the accused the prosecutor has said that he procured the testimony of the principal witness for the State by bribery is not cause for a new trial. The witness could not be impeached by mere hearsay; and besides, testimony purely impeaching in its character is not cause for a new trial. *Hardy* v. *State,* 117 *Ga.* 40.

2. Nor is it cause for a new trial that, since the verdict was rendered, the accused and her counsel have discovered that a certain person will swear that the prosecutor sought to bribe him to testify falsely against the accused.

3. The fact that counsel for the accused failed to move for a continuance, upon the ground of the absence of certain witnesses subpoenaed for the purpose of proving an alibi, because he was assured by another witness, who was present at the trial, that an alibi could be proved by him, but discovered, after the trial had begun, that an alibi could not be proved by this witness, is not cause for a new trial. *Hope* v. *State,* post.

4. The evidence warranted the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted November 21,—Decided December 21, 1905.

Indictment for adultery and fornication. Before Judge Taliaferro. City court of Sandersville. October 2, 1905.

*Marvin L. Gross,* for plaintiff in error.

*G. H. Howard, solicitor,* contra.