## FRANK *v.* THE STATE.

1. After a person accused of crime has been convicted and a new trial has been denied him, and the judgment has been affirmed by this court, an extraordinary motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge (there being certain general rules as to evidence of particular kinds and as to diligence, etc.) ; and a refusal to grant a new trial on such a motion will not be reversed unless such discretion is abused.

2. In view of the nature of ,the alleged newly discovered evidence on the basis of which an extraordinary motion for a new trial was made in the present case, and of the strong counter-showing·made by the State in regard to it, there was no abuse of discretion on the part of the trial judge in refusing to grant a new trial; nor was there error in overruling the motion on any of the grounds set out therein.

OCTOBER 14, 1914.

Indictment for murder. Before Judge Hill. Fulton superior court. May 8, 1914.

*Rosser · & Brandon, Reuben R. Arnold, Herbert Haas, Leonard Haas,* and *Henry A. Alexander,* for plaintiff in error.

*Warren Grice,* attorney-general, *Hugh M. Dorsey,* solicitor-general, and *E. A. Stephens,* contra.

LUMPKIN, J. Leo M. Frank was indicted for the murder of Mary Phagan, and was found guilty. He moved for a new trial on numerous grounds. Among them was the ground that the verdict was contrary to law and the evidence, as well as attacks on various rulings of the trial court. This motion was heard by the judge before whom the trial took place. It invoked a decision from him both as to whether he had committed any error of law which required a new trial, and also whether, in the exercise of a sound discretion, under the facts of the case he should grant a new trial. He overruled the motion for a new trial. The case was brought to the Supreme Court by a bill of exceptions, where the judgment was affirmed. 141 *Ga.* 243 (80 S. E. 1016). A rehearing in the Supreme Court was asked and denied. After this, the defendant made what is termed an extraordinary motion for a new trial under

the Civil Code (1910), §§ 6089, 6092, based on the ground of newly discovered evidence. The first cited of these two sections declares that "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had;" etc. The latter of the two sections provides, among other things, that "Whenever a motion for a new trial shall have been made at the term of trial in any criminal case in this State, and overruled, or when a motion for a new trial has not been made at such term, in either event no motion for a new trial from the same verdict shall ever be made or received, unless the same be an extraordinary motion or case, such as is provided for in section 6089 of this Code," etc. On the hearing of the application a number of affidavits were introduced for the purpose of sustaining the motion. On behalf of the State a vigorous counter-showing was made. This extraordinary motion was heard before a different trial judge from the one who had previously overruled the first motion for a new trial. After hearing evidence on behalf of the movant and the State, the judge overruled the extraordinary motion. The case has again been brought to this court by a bill of exceptions assigning error on that judgment.

The statutory expression "an extraordinary motion or case," the nature of such a motion based on newly discovered evidence, and the discretionary power of the trial judge who passes upon it, have been so recently considered in *Brown* v. *State,* 141 *Ga.* 783 (82 S. E. 238), that it is not necessary to enter into a discussion of them here. Omitting numbering, the first two headnotes of that case read as follows: "After one accused of crime has been convicted, and has made a motion for a new trial, and the judgment denying it has been affirmed by this court, when an extraordinary motion for a new trial is made, based on the ground of newly discovered evidence, it should be made to appear that such evidence is so material that it would probably produce a different verdict. An extraordinary motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and a refusal to grant it will not be reversed unless such discretion is abused. On the hearing of such a motion, the court may hear affidavits making a counter-showing on behalf of the State, so as to go to the bottom of the showing and discover, if possible, how much of real substance and merit there is in the alleged new evidence."

We deem it unnecessary to take up each of the grounds of the motion and discuss them separately in the light of the evidence offered in support of them, and of the counter-showing made by the State. It is enough to say, that, after a consideration of them, it can not be held that the discretion of the presiding judge in refusing to grant the extraordinary motion was abused, or that a case is made requiring a reversal.

In addition to the case above cited, see, in this connection, Civil Code (1910), §§ 6085, 6086; *Mitchell* v. *White,* 74 *Ga.* 327 (5); *Clark* v. *State,* 117 *Ga.* 254 (8) (43 S. E. 853); *Jinks* v. *State,* 117 *Ga.* 714 (44 S. E. 814); *Duggan* v. *State,* 124 *Ga.* 438 (52 S. E. 748); *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Norman* v. *Goode,* 121 *Ga.* 449 (49 S. E. 268).

<em>Judgment affirmed.    All the Justices concur.</em>