## 10506.   Jones v. The State.

Stephens, J.   1. Where the trial judge in his charge to the jury in a criminal case properly defines the offense with which the defendant stands charged, it is not error to fail to define such offense in the precise language of the Penal Code.

2. The defendant was charged with a felony, the punishment for which may, on recommendation by the jury when approved by the trial judge, be as for a misdemeanor.   The trial judge fully instructed the jury that in the event of the defendant's conviction, should they recommend that he be punished as for a misdemeanor, this recommendation would be carried out only in the discretion of the trial judge.   The charge was not error as being confusing in this respect, as set out in the 5th ground of the motion for a new trial.

3. The jury was fully instructed as to the degree of proof required to convict defendant as. principal in the second degree, and the trial judge did not err in failing to charge as set out in the 6th ground of the motion for a new trial.   Moreover, the charge given was a correct statement of the law.   "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in. the same connection to give to the jury other appropriate instructions." *Hill* v. *State*, 18 *Ga. App.* 259 (89 S. E. 351); *Lucas* v. *State*, 110 *Ga.* 756 (36 S. E. 87); *Conley* v. *State*, 21 *Ga. App.* 134 (94 S. E. 261).

4. The trial judge did not err in charging the jury as to the degree of proof necessary to convict upon circumstantial evidence.

5. Where the solicitor-general, in his argument to the jury, stated that he had "run down a gang of thieves who had been stealing automobiles," that the defendant was "a thug and a thief," and afterwards stated in the presence of the jury that such remarks were improper, and where the trial judge instructed the jury that such remarks were improper and should not be considered by them, that the jury should try the case on the evidence, there was no error in failing to declare a mistrial upon the ground that such remarks were improper and prejudicial.

6. The remaining special grounds of the motion for new trial, not being argued in the brief of counsel for the plaintiff in error, are treated by this court as abandoned.

7. The evidence authorizes the verdict, which has the approval of the trial judge.

   *Judgment affirmed.   Broyles, P. J., and Bloodworth, J., concur.*
                    Decided July 22, 1919.

Indictment for larceny; from Bibb superior court—Judge Mathews.   April 5, 1919.

*Hubert F. Rawls,* for plaintiff in error.

*Charles H. Garrett, solicitor-general pro tem.*