### 12065.  BROWN *v.* THE STATE.

BROYLES, C. J.  1. It does not appear that the judge abused his discretion "in refusing to allow the defendant to exhibit his limb to the jury" during the trial of the case.

2. The charge of the court upon the subject of alibi was substantially correct and was not error for any reason assigned.

3. The ground of the motion for a new trial, complaining of the refusal of a certain request to charge, can not be considered, as it is not stated in the ground that the request was tendered the court before the jury retired to consider the case. *Seaboard Air-Line Railway* v. *Barrow,* 18 *Ga. App.* 261(4) (89 S. E. 383).

4. "A complaint that the verdict is contrary to the charge of the court is merely a variation of the general ground that the verdict is contrary to law, and presents no question for review." *Orr* v. *State,* 24 *Ga. App.* 143(3) (99 S. E. 893), and citations.

5. The ground of the motion for a new trial, complaining that counsel for the defendant were not given an opportunity to poll the jury after the verdict, is disapproved by the trial judge.

6. The ground of the motion for a new trial, based upon the alleged-newly
discovered evidence of certain witnesses, is too defective to be considered,
since the affidavits of the witnesses are not accompanied by the supporting affidavits as to the character, residence, etc., of the witnesses, required by the statute.

7. This was in some respects a close case and the evidence was in sharp
   conflict. The evidence for the defendant authorized his acquittal, while
   that introduced by the State supported the verdict of guilty. The finding of the jury having been approved by the presiding judge, and no
   error of law appearing, this court is without jurisdiction to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1921.

Indictment for larceny of automobile; from Fulton superior
court — Judge Humphries. December 4, 1920.

Application for certiorari was denied by the Supreme Court.

Paragraph 1 of the decision relates to the following ground
of the motion for a new trial: " Because the judge erred in
refusing to allow the defendant to exhibit his limb to the jury,
thereby showing physical evidence that he was incapable of
driving an automobile." From the record it appears that the
limb referred to was a leg. In his statement at the trial the
defendant said: " My leg has been broken. I have got a stiff
leg, and I haven't got any pressure against it, and I couldn't
drive an automobile."

The charge of the court as to alibi was complained of on
the ground that it " was not in the language of the law on the
subject of alibi, and was prejudicial to the rights of the accused." This part of the charge was as follows: " Alibi, as a
defense, involves the impossibility of the prisoner's presence at
the scene of the offense at the time of its commission, and the
range of the evidence in respect to time and place must be
such as reasonably to exclude the possibility of presence. Alibi,
as a defense, should be established to the reasonable satisfaction
of the jury, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury, and, if so established, that is to
say, if it be established to the reasonable satisfaction of the jury
that the defendant was not present at the place at the time of
the commission of the offense, if such offense was committed, then
it would be the duty of the jury to acquit, or, after considering
the testimony on the question of alibi along with all other testimony in the case, it is the duty of the jury to consider all of

the evidence in the case, and if the jury should entertain a reasonable doubt as to the guilt of the defendant, it is their duty to give the benefit of that doubt and acquit."

*Neufville & Neufville, C. Don Miller*, for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.