### HOWELL *v.* THE STATE.

No. 9702.   DECEMBER 15, 1933.

R. I. *Stephens,* W. A. *Dampier,* and *Lawton* E. *Bracewell,* for plaintiff in error.

M. J. *Yeomans,* solicitor-general, J. A. *Merritt,* solicitor-general, B. D. *Murphy* and J. T. *Goree,* assistant attorneys-general, contra.

RUSSELL, C. J. The defendant was indicted for the offense of murder, and was found guilty, with a recommendation that he be imprisoned for life in the penitentiary. He made a motion for a new trial, based upon the general grounds, which was later amended by the ground of alleged newly discovered evidence. There is no assignment of error as to the admission or rejection of testimony, and no exception to any part of the charge of the court. Upon the argument in this case no reference was made to the general grounds of the motion. The brief of the plaintiff in error urged only the special ground based on testimony alleged to be newly discovered and which, as was contended, would probably produce a different result upon a retrial. We deem it unnecessary to restate the general rules governing the grant of a new trial upon the ground of alleged newly discovered evidence. They have often been passed upon by this court, and are generally well understood. It suffices to say in this case that the newly discovered testimony is not only cumulative and impeaching of that already produced at the trial, but the witnesses introduced in support of the motion were so thoroughly impeached that the trial judge was fully authorized by law to discredit the affiants by whom the alleged facts were sought to be verified. Not only were the witnesses impeached by evidence of general bad character, which rendered them unworthy of belief in a court of justice, but when the record as a whole is considered there are various circumstances tending to disprove and discredit their testimony, which would have fully authorized the judge, in the exercise of the discretion with which he is clothed by law, to overrule this ground. In the headnotes a few of the principles which authorize the grant of new trials upon the ground of newly discovered evidence are stated. The showing in this case did not measure up to the requirements of the law upon this subject. Since the general grounds of the motion are not insisted on, it is plain that the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*