26799. McCULLOUGH *v.* THE STATE.

DECIDED APRIL 26, 1938.

*Maddox & Griffin,* for plaintiff in error.
*J. Ralph Rosser, solicitor-general, J. S. Crawford,* contra.

MacINTYRE, J. 1. "Where on the trial of one charged with larceny it is shown by the evidence that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction." *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555).

2. The undisputed evidence showed that the automobile was stolen, and the State sought to connect the defendant with the larceny, and to convict him thereof, by and through the sole testimony of H. H. Jones, on the theory that the defendant was one of the two men recently in possession of the stolen property. Jones, in effect, testified that he had known the defendant seven or eight years, had been thrown with him frequently, and lived in the same community or district with him; that on the night the car was stolen, the defendant and another man drove up to his house, which is about one hundred feet from the road, about twelve o'clock at night; that they awakened him for the purpose of borrowing a jack to aid them in fixing a puncture; that he put on his clothes, obtained a jack, and went outside to help them; that the jack did not work, so he and the defendant put a pole under the axle and held the car up while the other man removed the wheel. He testified further that at about that time another car came up the road, and the lights thereof flashed on the other man, whereupon he (the other man) made a superficial excuse and ran around in front of the radiator of the car where the lights of the approach-

864

ing car would not shine on him. "This aroused my [witness's] suspicion, so when they left I wrote down the tag number of the car on the side of my house." (This tag number afterwards turned out to be the tag number of the stolen car.) It further appears from Jones's testimony that during the progress of the tire changing, which took about twenty minutes, he struck a match, the light from which gave him a good view of the defendant; that from this, together with all the other circumstances, to wit, the sound of the defendant's voice, the fact that he had known the defendant for seven or eight years, had been thrown with him frequently, and lived in the same community or district with him, he, witness Jones, recognized the defendant on the occasion heretofore described. It seems to us that this is peculiarly a jury question for them to say whether or not the witness did recognize the defendant as claimed by him. The jury could observe the witness on the stand, the manner of testifying, his general demeanor, and all other legitimate facts connected with the delivery of his testimony, and since the jury has found the fact in dispute in favor of the State, and the judge of the trial court has approved this finding, we do not think we should grant a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*