29846. MURPHY *v.* THE STATE.

Decided October 3, 1942.

H. H. Elders, for plaintiff in error.

GARDNER, J. The defendant complains that the court erred. in overruling a motion for new trial. The charge against the defendant embraced simple larceny of an automobile wheel and tire, the tire being on the wheel. The evidence revealed: The prosecutor, on Sunday morning, January 25, 1942, went to his Ford car which was parked under a shelter on the premises of his home. He discovered for the first time that a wheel with a tire thereon (attached as a spare) was missing from his car. Also, a tire pump which had been in the back division of his car was missing. He notified several of his neighbors. A search for the wheel and tire was begun. Following a clue that a party living several miles away had purchased a tire, the searching party made way to this person. Upon arrival, the prosecutor, by reason of private markings of identification, described his missing wheel and tire to such an extent that the wheel and tire which the party admitted he had purchased from the defendant and a co-defendant were shown to have belonged to the prosecutor. The wheel and tire had been sold by the defendant in the early morning of January 23, 1942. The defendant stated to the purchaser that the wheel and tire were found near the roadside while defendant was going for his mail. The wheel and tire were perfectly dry, bearing no evidence of having been exposed to the dew or weather. The prosecutor recovered his wheel and tire on Tuesday, January 27, 1942. It does not appear from the evidence that the tire pump was recovered.

1. The special ground complains that the solicitor-general argued to the jury "that if the defendant did not steal the wheel and tire, and did not know they were stolen, and sold them after he found them and before he learned they were stolen, he would be guilty of simple larceny." After the solicitor concluded his argument counsel for the defendant orally stated to the court that the rule of law as thus stated by the solicitor is not the law of Georgia, and requested the court to charge that the true rule of law is "that if he [defendant] found the wheel and tire and sold them before he knew they were stolen, the jury would have to find beyond a reasonable doubt that the defendant formed an in-

tention to steal said property between the time he found it and the time he sold it. This the court did not do, and this failure to so charge injured and damaged this defendant, and he then excepted to this failure of the court to so charge."

The court charged fully the law with reference to simple larceny and all other questions and issues concerning the same except as above indicated. The court charged on the principle of recent possession of stolen property. We think that under the evidence as above set forth the jury was authorized to find that the wheel and tire were stolen from the automobile of the owner. This being true, and the evidence having shown that the defendant was found soon thereafter in the recent possession of them, this recent possession coupled with the corpus delicti, unless satisfactorily explained by the accused, was sufficient to sustain the conviction. The contention of the defendant that he had found the property was merely a matter of defense. If he desired instructions on other points of his defense he should have requested them in writing. If the argument of the State's attorney was improper it does not appear from the record that any proper motion was made to correct it. We find no occasion to rule on the law of this State as it applies to larceny of personal property which is found on a public highway, and we do not deal with that question. This special ground is without merit.

2. As to the general grounds, the evidence was sufficient to sustain the verdict. It has the approval of the judge, and we will not disturb it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*