LOUGHRIDGE *v.* THE STATE.

No. 15740.   APRIL 16, 1947.

*James R. Venable, Frank A. Bowers,* and *Frank T. Grizzard,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General,* and *Margaret Hartson,* contra.

HEAD, Justice. (After stating the foregoing facts.) Motions for new trial based on newly discovered evidence are addressed largely to the discretion of the trial judge, and his order refusing a new trial on such grounds will not be reversed unless it is made to appear that the trial judge has abused his discretion. *Hall v. State,* 141 *Ga.* 7 (3) (80 S. E. 307) ; *Frank* v. *State,* 142 *Ga.* 617 (83 S. E. 233).

In this case the deceased was shot and killed while in an automobile with H. H. Humphries, who identified Loughridge as the killer. The testimony of Humphries shows that he rode in the car

with the killer after the shooting; that the street lights in Louisville were on; that the killer finally put the witness and the deceased out of the car at the Sinclair Station, and that the lights of the station were on; and that he had good opportunity to see and observe the man guilty of the shooting. Fred Jordan's affidavit, upon which the defendant now relies for a new trial, stated that the killing occurred about midnight under circumstances similar to those related in the testimony of Humphries. The affidavit did not fix any date other than August, 1945, and in several instances Jordan declined to state material facts, which tends to discredit the other statements therein. For example, he declined to state the name of the person that he says accompanied him on the night of the shooting. He declined to give other information at several points in his statement, which would have tended to sustain the truthfulness of his affidavit.

Counsel for the defendant in their brief make reference to the evidence of alibi introduced on the trial of the defendant, which trial resulted in the verdict of guilty, and which the defendant now seeks to have reviewed by extraordinary motion for new trial. Counsel apparently assume that the evidence as to the alibi is supported by the affidavit of Jordan. If a new trial should be granted upon the affidavit of Jordan, it would have to be under the theory that Jordan committed the crime for which Loughridge has been convicted, and not because Jordan's affidavit supports the defendant's defense of alibi. The case of *Bowman* v. *State,* 95 *Ga.* 496 (22 S. E. 274), cited by counsel for the defendant, is not in point on its facts. From an examination of the record in the *Bowman* case, it appears that the newly discovered evidence was set out in an amended ground of the motion for new trial, and this court stated that the evidence to sustain the verdict was not wholly satisfactory. The present case is an extraordinary motion for new trial, and this court has previously held that the evidence on the trial was sufficient to support the conviction of the defendant. *Loughridge* v. *State,* supra. In the *Bowman* case, the deponent in the affidavit had been convicted of the crime, and he named the person who was with him at the time the crime was committed, who was not the accused. In the present case Jordan has not been convicted of the crime here involved, and he declined to state the name of the person he claims was with him at the time the crime was committed.

While the testimony of Jordan, as set forth in his affidavit, would be admissible on another trial of the defendant, if granted, it is shown by his affidavit that he is not within the jurisdiction of the State, and there is no certainty that he could offer himself as a witness, since he is under the jurisdiction of the penal authorities of the State of Texas. Even if his testimony could be made available, his long criminal record, the fact that he has been sentenced to two forty-year prison terms, and his failure to disclose essential facts in his affidavit, so discredit his testimony that the trial judge was amply authorized to conclude that his testimony would not produce a different result if a new trial were granted. "The ultimate and crucial test of the potency of newly discovered evidence, to require the grant of a new trial, is whether the evidence is likely to produce a different result upon a retrial of the case." *Howell* v. *State,* 178 *Ga.* 111 (172 S. E. 27).

*Judgment affirmed. All the Justices concur.*