Motions for new trial based on newly discovered evidence are addressed largely to the discretion of the trial judge, and his order refusing a new trial on such grounds will not be reversed unless it is made to appear that the trial judge has abused his discretion. No such abuse of discretion appears in this case.
 No. 15740. APRIL 16, 1947.
Terrell Loughridge was convicted of murder. The judgment denying his motion for new trial was affirmed. Loughridge v.State, 201 Ga. 513 (40 S.E.2d 544). His extraordinary motion for new trial, based on newly discovered evidence, was denied, and the exception here is to that judgment. This motion was supported by the affidavits of the defendant and his counsel, to the effect that they could not, by the exercise of ordinary care and diligence, have known of the facts set forth in the affidavit of Fred Jordan, on which the extraordinary motion was based.
From the record it appears that Jordan, sentenced on April 2, 1946, in Parker County, Texas, to serve 40 years for robbery, and on April 27, 1946, in Hunt County, Texas, to serve 40 years for robbery by assault, made an affidavit on October 8, 1946, while an inmate of the State Prison Farm in Walker County, Texas, to the effect that he (Jordan) and an unnamed companion, in the month of August, 1945, approached an automobile parked on the highway near Louisville, Georgia; "that affiant did shoot into said car, but *Page 130 
affiant did not aim the gun at any particular person or object, but fired the same in the front of said automobile, and affiant did no know that anyone was hit in said car until some few minutes later after which affiant and his companion got in the said automobile and with the said two parties who were already in said car, drove the same in the direction of a town which he learned later to be Louisville, Georgia, where affiant and his companion allowed the parties to be released." His affidavit further stated "that he is making this affidavit freely and voluntarily in order that an innocent man might not suffer from a crime which deponent is guilty of, and that deponent is willing to plead guilty to said charge is given an opportunity to do so." Affidavits of Eugene Kilgore and Horace Posey, prisoners in the Texas State Prison, as to the character, residence, associates and credibility of Fred Jordan, are attached as exhibits.
The State in a counter-showing offered in evidence records from the Federal Bureau of Investigation showing that Fred Jordan under various aliases had been convicted of seven or more cases of burglary and various other crimes. Jordan's affidavit stated that he had been convicted in Georgia under the assumed name of "Joe Murphy," and that he was an escaped convict from Georgia. Pictures of Fred Jordan, attached to the State's exhibit, show him to be a man of middle age, or past, with heavy lines in his face. Pictures of Loughridge show him to be many years younger than Jordan.
Motions for new trial based on newly discovered evidence are addressed largely to the discretion of the trial judge, and his order refusing a new trial on such grounds will not be reversed unless it is made to appear that the trial judge has abused his discretion. Hall v. State, 141 Ga. 7 (3) (80 S.E. 307);Frank v. State, 142 Ga. 617 (83 S.E. 233).
In this case the deceased was shot and killed while in an automobile with H. H. Humphries, who identified Loughridge as the killer. The testimony of Humphries shows that he rode in the car *Page 131 
with the killer after the shooting; that the street lights in Louisville were on; that the killer finally put the witness and the deceased out of the car at the Sinclair Station, and that the lights of the station were on; and that he had good opportunity to see and observe the man guilty of the shooting. Fred Jordan's affidavit, upon which the defendant now relies for a new trial, stated that the killing occurred about midnight under circumstances similar to those related in the testimony of Humphries. The affidavit did not fix any date other than August, 1945, and in several instances Jordan declined to state material facts, which tends to discredit the other statements therein. For example, he declined to state the name of the person that he says accompanied him on the night of the shooting. He declined to give other information at several points in his statement, which would have tended to sustain the truthfulness of his affidavit.
Counsel for the defendant in their brief make reference to the evidence of alibi introduced on the trial of the defendant, which trial resulted in the verdict of guilty, and which the defendant now seeks to have reviewed by extraordinary motion for new trial. Counsel apparently assume that the evidence as to the alibi is supported by the affidavit of Jordan. If a new trial should be granted upon the affidavit of Jordan, it would have to be under the theory that Jordan committed the crime for which Loughridge has been convicted, and not because Jordan's affidavit supports the defendant's defense of alibi. The case of Bowman v.State, 95 Ga. 496 (22 S.E. 274), cited by counsel for the defendant, is not in point on its facts. From an examination of the record in the Bowman case, it appears that the newly discovered evidence was set out in an amended ground of the motion for new trial, and this court stated that the evidence to sustain the verdict was not wholly satisfactory. The present case is an extraordinary motion for new trial, and this court has previously held that the evidence on the trial was sufficient to support the conviction of the defendant. Loughridge v. State, supra. In the Bowman case, the deponent in the affidavit had been convicted of the crime, and he named the person who was with him at the time the crime was committed, who was not the accused. In the present case Jordan has not been convicted of the crime here involved, and he declined to state the name of the person he claims was with him at the time the crime was committed. *Page 132 
While the testimony of Jordan, as set forth in his affidavit, would be admissible on another trial of the defendant, if granted, it is shown by his affidavit that he is not within the jurisdiction of the State, and there is no certainty that he could offer himself as a witness, since he is under the jurisdiction of the penal authorities of the State of Texas. Even if his testimony could be made available, his long criminal record, the fact that he has been sentenced to two forty-year prison terms, and his failure to disclose essential facts in his affidavit, so discredit his testimony that the trial judge was amply authorized to conclude that his testimony would not produce a different result if a new trial were granted. "The ultimate and crucial test of the potency of newly discovered evidence to require the grant of a new trial, is whether the evidence is likely to produce a different result upon a retrial of the case."Howell v. State, 178 Ga. 111 (172 S.E. 27).
Judgment affirmed. All the Justices concur.