31766.   HORNBUCKLE *v.* STATE.

Decided November 4, 1947.

114

*Robert T. Efurd,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw, James W. Dorsey,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The jury was authorized to find that the car was stolen. ' Immediately thereafter the defendant, along with Jeanette Knight, was frequently seen in and about the car. When he was arrested in

Florida he admitted to the officer that the car belonged to him or to his brother who had loaned it to him. As he was being brought back to Atlanta he freely and voluntarily admitted the theft, telling the officer who had him in custody the details as to the time and place of its commission. It is not error to refuse a new trial if the verdict is supported by the evidence. See the many cases cited under the catchwords "Any evidence" in the Code (Ann.), § 70-202. The general grounds of the motion for new trial are without merit.

■ The defendant offered testimony as to certain statements alleged to have been made by Jeanette Knight, tending to establish the possession of the automobile in herself and not in the defendant, and that the presence of the defendant with the automobile was incidental only to his being with her. Special ground 10 of the amended motion for new trial is also partially based on this type of evidence. The same constitutes hearsay evidence, and falls within none of the exceptions to the rule against such evidence. See Code, § 38-301. It is well settled that admissions and confessions by third persons that they committed the crime for which a defendant is on trial are not admissible. See *West v. State,* 155 *Ga.* 482 (117 S. E. 380) ; *Bryant* v. *State,* 197 *Ga.* 642 (9a) (30 S. E. 2d, 259) ; *Aycock* v. *State,* 188 *Ga.* 550 (9) (4 S. E. 2d, 221). True, in the instant case it is not contended that Jeanette Knight confessed to the crime, it being contended that she stated she had possession of the car and gave in explanation a perfectly legal reason therefor and right thereto. However, the reason for the inadmissibility of the evidence is not because it admits the crime for which the defendant is on trial, but because it is hearsay and does not come within any of the exceptions to the rule against such evidence. One of the cases relied upon by counsel for defendant, in support of his position that this type of evidence is admissible, is *Howell* v. *State,* 5 *Ga. App.* 612 (63 S. E. 600). The witness there would have testified that five days after an alleged burglary he saw another person in possession of the stolen property, such person on said occasion trying to sell the property to the witness. The evidence in that case would have gone to what the third person had and what he did, the gist of which was not what he said. What is here said with reference to *Howell* v. *State,* supra, may substantially be

applied to *Brooks* v. *State,* 21 *Ga. App.* 661 (94 S. E. 810), also relied upon by counsel for defendant. Mr. Justice Atkinson, speaking for the Supreme Court in *Bryant* v. *State,* 197 *Ga.* 655-657 (9) (supra), treats comprehensively and at length on this subject. In division 9 of the decision in *Aycock* v. *State,* supra, the exclusion of such testimony is put on the rule against hearsay evidence. (See cases there cited.) Special ground 4 and so much of special ground 10 as seeks a new trial on this class of inadmissible evidence are without merit.

■ The court charged the jury in connection with the rule that recent possession of stolen property by defendant may authorize a conviction unless satisfactorily explained, as follows: "I charge you in this connection that if you find that an automobile has been stolen, and the property stolen as a result of this crime if recently thereafter should be found in the possession of the defendant, that would be a circumstance from which the jury would be authorized to convict, if they saw fit to do so, unless the defendant should make an explanation of the possession of the stolen property, if you find that he was in possession of that stolen property, consistent with his innocence in the opinion of the jury, all of which are questions for the jury." The evidence authorized the jury to find that the defendant in company with Jeanette Knight was seen in and around the stolen automobile on several occasions immediately after its theft. When he was arrested in Florida he was in company with Jeanette Knight and her brother but he was under the wheel. When interrogated about the automobile he said he was in possession of it but that it belonged to his brother from whom he had borrowed it to make the Florida trip. Shortly thereafter and as he was being returned to Atlanta he confessed to the entire crime detailing the time and place of its commission. Under these facts, in order for this rule to be applied and charged by the court, it was not necessary for the State to show exclusive possession of the stolen property in the defendant. See *Cheatham* v. *State,* 57 *Ga. App.* 858 (197 S. E. 70); *McCullough* v. *State,* 57 *Ga. App.* 863 (2) (197 S. E. 68); *Morris* v. *State,* 72 *Ga. App.* 466 (34 S. E. 2d, 46). See also *Shaneyfelt* v. *State,* 24 *Ga. App.* 555 (101 S. E. 592); *Coe* v. *State,* 37 *Ga. App.* 82 (138 S. E. 919); *Haney* v. *State,* 47 *Ga. App.* 132 (2) (169 S. E. 771); *Shivers* v. *State,* 50

*Ga. App.* 419 (178 S. E. 399) ; *Murphy* v. *State,* 68 *Ga. App.* 111 (22 S. E. 2d, 184). The charge of the court is a substantially correct statement of the rule that recent possession of stolen property by a defendant may authorize a conviction unless satisfactorily explained and was authorized under the evidence in the instant case. Grounds 5, 6 and 8 of the amended motion for new trial are without merit.

■ On the trial of the case the defendant put on a number of witnesses tending to show that he was in and around Lawrenceville for the entire day on which the automobile was stolen. The court charged the jury as set out in the 4th headnote of this decision. The charge is alleged to be error because it is contended it instructed the jury to the effect that unless they were satisfied that the defendant was not at the scene of the crime they should convict the defendant, and because it is contended that it instructed the jury that the defense of alibi must be of such a nature that it must show the defendant was not present at the scene of the crime at the time of its commission, it being further contended that the evidence in this case distinctly shows a prior possession of this automobile recently after the crime was committed in a person other than the defendant.

Code § 38-122 provides as follows: "Alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." The court is not bound to charge the law of alibi where the evidence in support of this defense is manifestly insufficient, in the absence of timely written request. See *Paulk* v. *State,* 8 *Ga. App.* 704 (2) (70 S. E. 50). On the other hand, a failure to give a charge on alibi is ground for new trial, when in a close case such defense is set up and sustained by the evidence. See *Moody* v. *State,* 114 *Ga.* 449 (40 S. E. 242). Whether it would have been error not to have charged on the defense of alibi at all is not before us. It being urged as a defense, the charge on the subject, if a correct statement of the law, was favorable to the defendant. The charge as given is in substantially the same language as that in *Brown* v. *State,* 26 *Ga. App.* 594 (107 S. E. 173). There this court held that the charge upon the subject of alibi was substantially correct. The

second branch of the rule as to alibi was adequately covered by that portion of the court's charge as follows: "Any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case, and if in so doing the jury should entertain a reasonable doubt as to the guilt of the accused, they should give him the benefit of that doubt and acquit him," as required in *Brooks* v. *State*, 25 *Ga. App.* 739 (105 S. E. 42), and *Henderson* v. *State*, 27 *Ga. App.* 629 (110 S. E. 522), and cases cited. Ground 7 of the amended motion for new trial is without merit.

Special ground 9 of the amended motion for new trial is based upon the refusal of the court to allow Cliff Turner, a witness for the defendant to testify that the defendant stated to him that the car belonged to the girl. This was nothing more than a self-serving declaration. Self-serving declarations are generally inadmissible. It was not a part of the res gestae nor does it otherwise constitute any exception to this general rule. See *Myers* v. *State*, 97 *Ga.* 78 (9) (25 S. E. 252); *Taylor* v. *State*, 121 *Ga.* 353 (4) (49 S. E. 303); *Pope* v. *State*, 42 *Ga. App.* 680 (6) (157 S. E. 211); *Dixon* v. *State*, 116 *Ga.* 186 (2) (42 S. E. 357).

■ Ground 10 of the amended motion for new trial is partially based on evidence that would be inadmissible, as heretofore discussed in division 2 of this opinion. That part of the newly discovered evidence to the effect that the defendant was in Florida with Jeanette Knight and her brother was admitted by the defendant in his statement and is cumulative. As such it is not sufficient as ground for new trial. See many cases cited under the catchword "Cumulative" in the Code (Ann.), § 70-204.

The evidence authorized the verdict and none of the special assignments discloses error requiring a new trial.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*