26576.  BELL v. THE STATE.

Argued June 14, 1971—Decided July 9, 1971.

*George L. Howell, Peter E. Rindskopf,* for appellant.

*Ben F. Smith, District Attorney, George W. Darden, III, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.

Felton, Justice. Wallace Russell Bell was indicted, tried and convicted of the offense of armed robbery and sentenced to 15 years' imprisonment, from which judgment, as well as the overruling of his amended motion for a new trial, he appeals.

■ The evidence authorized the verdict. Two eyewitnesses identified the appellant as one of two persons who took at gun point money belonging to a Mark Inn Motel in Cobb County on July 19, 1970. Additionally, fingerprints identified as the appellant's were found on the counter of the motel office. There was no variance between an allegation in the indictment that the money was taken from the named cashier of the motel and proof that it was the property of the motel in the custody of such agent. *Spurlin v. State,* 222 Ga. 179 (7) (149 SE2d 315) and cit. Nor was there a fatal variance between the allegation that the accused took $1,034 and proof that *all* of the money at the motel was taken. Under *Code Ann.* § 26-1902 (Ga. L. 1968, pp. 1249, 1298; Ga. L. 1969, p. 810), the offense of armed robbery is committed merely by the armed taking of the "property of another," regardless of whether its value is great or small. Even under our former criminal code it was not essential to prove the *exact* value of the items, but only that the items had *some* value. *McCrary v. State,* 96 Ga. 348 (23

SE 409). "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." *Hall v. State,* 120 Ga. 142 (1) (47 SE 519). Even if the exact amount of money was a necessary fact, moreover, proof that *all* of the money at the motel was taken is sufficient to meet the criterion set by the U. S. Supreme Court and approved by this court. "'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' (Citations omitted). Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801). Enumerated errors 1 and 2 are without merit.

■ Enumerated errors 3, 4 and 6 all relate to contended errors arising from the fact that the accused was represented during the initial part of his trial solely by his employed counsel, whom the trial judge found to be inexperienced, appointing an additional attorney to assist in the defense. It is not necessary to pass on each of these grounds, inasmuch as they are not likely to recur on the next trial of the case, which is granted on the ground of newly discovered evidence in Division 3, hereinafter.

■ Enumerated error 5 is the overruling of the appellant's 19th ground of his motion for a new trial, which alleges as follows: "19. Because, as movant contends, new and additional evidence has come to movant's knowledge since the trial, *which could not have been discovered sooner,* which evidence is so material that *it would probably produce a different verdict* should a new trial be granted.

"The evidence adduced at trial by the State tended to show the following sequence of events: On the morning of July 19, 1970, at 2:45 a.m. (Tr., p. 170), Sergeant R. E. Davis and Lieutenant Melvin Ferguson of the DeKalb County Police Department were robbed while on duty as security officers at the Executive Park Motel located near Interstate 85 and North Druid Hills Road in DeKalb County. (Tr., pp. 166, 174) Sergeant Davis was robbed of his service revolver, a Smith and Wesson .357 Magnum (Tr., pp.

65, 167, 168), and Lieutenant Ferguson was robbed of an unidentified service revolver and a watch. The robbers were described by Sgt. Davis as being two in number, one 'about 5' 10 to 11", medium, afro haircut, he had a small mustache. The other one was about 5' 9", slender build, he was high-yellow.' (Tr., p. 167) Lt. Ferguson described the perpetrators as follows: 'he was five foot nine or ten, and light colored, had sideburns with a goatee and semi-afro haircut, had on dark clothes.' (Tr., p. 176); the other one he only saw from a distance and described as being approximately 6 feet tall and slim (Tr., p. 176). *Neither of these officers could identify the defendant as being one of the two robbers.*

"At between 3:30 and 4:00 a.m., the Mark Inn, Six Flags Motel, situated in Cobb County, was robbed by two Negro males *of the same approximate descriptions.* During the course of the robbery, the .357 magnum Smith and Wesson revolver taken from Sgt. Davis in DeKalb County approximately an hour thereto, was left on the counter of the Mark Inn. *Thus, the two robberies are connected in that the gun taken in the first robbery was used in the second one within the time period of approximately one hour, the distance between the two sites being approximately 25 miles.*

"Subsequent to the conviction and sentencing of movant, one Herschell Andrew 'Butch' Thomas was extradited from the State of New York to DeKalb County, Georgia, to answer charges lodged against him in said county, including a charge of armed robbery of the aforementioned police officers at the Executive Park Motel. In connection therewith, Thomas gave a statement to the DeKalb County police in which he admitted the robbery and [sic] the Executive Park Motel, and the robbery of the Mark Inn, Six Flags Motel, *the latter being the robbery of which the movant was convicted* and sentenced to 15 years' imprisonment. *Thomas, in his statement, admitted that he and one Hayward 'Hawk' Waller committed the offense for which movant was convicted,* and that *the movant had nothing to do with said* robbery, and further that he does not know the movant personally.

"Thomas pleaded guilty to the Executive Park robbery, the court being satisfied that his confession was given freely and voluntarily, and was sentenced to 15 years' imprisonment. Waller also entered a plea of guilty to the Executive Park robbery and

was given the same sentence, based also upon his confession.

"*Thomas is approximately the same height, weight and complexion of [sic] the movant.* Waller is a negro male with a light complexion, approximately 5' 10" tall and weighs approximately 145 pounds.

"In light of this new evidence, which was discovered subsequent to movant's conviction and sentence, justice demands that a new trial be granted as the likelihood of a verdict of acquittal of the movant appears probable, as more fully appears from the affidavit of movant's attorney attached hereto." (Emphasis supplied).

In addition to a copy of Thomas' confession to the DeKalb County Police, attached as an exhibit, this ground of the motion for a new trial was supported by affidavits to the following effects: Appellant's appointed counsel, Cochran, deposed that Thomas had been a fugitive from justice during the appellant's trial and that his confession had not been made until approximately 3 months after the appellant's trial. The affidavits of appellant's employed counsel, McMichen, and the appellant himself are to the same effect, with the appellant deposing his belief that if he were granted a new trial, the testimony of Thomas would probably result in appellant's acquittal. Appellant's subsequently retained counsel, Howell, deposed that Thomas' statements could not be obtained by him at that time, but that he had subpoenaed DeKalb County police officers to appear at the hearing on the motion and to produce such statements, and that he had talked with Thomas, but could not reveal the substance of their conversation since the charge of robbery (of which the appellant was convicted) was then pending against Thomas in Cobb Superior Court. In a subsequent affidavit, Howell deposed that, in Thomas' trial in Cobb Superior Court, the judge had determined, after a hearing held out of the jury's presence, that his aforementioned confession had been freely and voluntarily given; that the confession implicated Waller and did not mention appellant Bell; and that there was no evidence at either Bell's or Thomas' trial that there were more than two participants in the robbery of which Bell was convicted. Thomas deposed that he was addicted to narcotics and for that reason participated in the robbery of which Bell was convicted; that his only partner in said crime was Waller; that, after the

robbery, he fled to New York and was extradited to DeKalb County, where he learned that Bell had been convicted of a robbery he had not committed, so he had given the statement, which was true, to the DeKalb police, to exonerate Bell; that affiant had subsequently been found guilty and sentenced for the robbery of which Bell had been convicted, from which judgment affiant does not intend to appeal.

"[I]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Burge v. State,* 133 Ga. 431, 432 (66 SE 243). Elements (1) and (2) are clearly shown, in that it appears that the prospective witness was a fugitive from justice throughout the appellant's trial and that his extradition, confession, indictment and conviction of the same robbery of which the appellant was convicted all occurred 3 months and longer after the appellant's trial.

Likewise, a compliance with element (5) appears in that the motion was supported, not only by one prospective witness's affidavit, but also by a copy of his confession (*made at a time prior to his indictment and conviction, thereby being against his interests, hence more credible*).

The trial judge based his overruling of the motion for a new trial in part on the case of *Cobb v. State,* 219 Ga. 388 (133 SE2d 596), which case cites a number of cases to the effect that newly discovered evidence that another person has confessed that he and another committed the crime for which the appellant was convicted and that appellant did not participate therein, is no cause for a new trial, inasmuch as the *confession* would not be competent evidence in behalf of the accused were a new trial ordered. "However, the reason for the inadmissibility of the evidence is not because it admits the crime for which the defendant is on trial, but because it is hearsay and does not come within any of the

exceptions to the rule against such evidence." *Hornbuckle v. State,* 76 Ga. App. 111, 115 (45 SE2d 98). See also *Robison v. State,* 114 Ga. 445, 447 (40 SE 253). The *Cobb* case shows that the only newly discovered evidence offered was an affidavit and, in a subsequent case by the same writer, *Fulford v. State,* 222 Ga. 846 (152 SE2d 845), the sole ground was the confession. On the contrary, in the present case, appellant can rely not merely on the confession, but on affidavits and other proof showing that the confessor and another have actually been convicted of the very robbery of which appellant was convicted. It is proper for the trial judge and this court, in passing upon a ground of a motion for new trial based on newly discovered evidence, to consider those portions of the alleged newly discovered evidence as would be admissible in the event of another trial. *Bryant v. State,* 197 Ga. 641 (12) (30 SE2d 259). Hence, in a new trial, the fact of the convictions would be admissible as evidence that others than the accused committed the crime. "In the trial of an accused, it is always proper and relevant for the accused to introduce evidence to show that someone else, and not the accused, is the guilty party." *Bryant v. State,* supra, p. 658. Furthermore, as is pointed out in *Loughridge v. State,* 202 Ga. 129, 132 (42 SE2d 473) and *Robison v. State,* 114 Ga. 445, 447, supra, the testimony of Thomas and Waller, as set forth in Thomas' confession and affidavit, would be admissible on another trial of the defendant. Moreover, it appears in the present case, contrary to the situation in the *Loughridge* case, supra, that the prospective witnesses are within the jurisdiction of the State, hence accessible to testify. To hold that such testimony would not be admissible because such witnesses are convicted felons, would invade the province of the jurors, who are the judges of the credibility of witnesses.

Relative to element (4), the newly discovered evidence is not cumulative *only.* "Evidence is not merely cumulative, though it may have some bearing upon the main issue in controversy, if it relates to new, distinct, and material facts about which no witness testified at the trial. See *Dale v. State,* 88 Ga. 552." *Ga. S. & F. R. Co. v. Zarks,* 108 Ga. 800 (34 SE 127). "It is only when newly discovered evidence either relates to a particular material issue concerning which no witness has previously testified, or of a higher

and different grade from that previously had on the same material point, that it will ordinarily be taken outside the definition of cumulative evidence, and afford basis for a new trial. . . But, as an exception to this rule, it is recognized that where the new evidence, though it be of the same or even inferior grade, tends not merely to strengthen the correctness of the contention on the particular material issue previously sought to be established, but such new proved fact or circumstance, if believed, would in and of itself establish or disprove the controlling point in controversy, or would establish or disprove it by supplying a link or gap missing in the previous testimony, it will afford basis for a new trial." *Johnson v. State,* 196 Ga. 806 (2) (27 SE2d 749) and cit. The appellant's defense was alibi. The fact that the newly discovered evidence incidentally strengthens this defense does not make it cumulative, since it is comprised of new, distinct and material facts about which no witness testified at the trial, thereby supplying a link or gap missing in the previous testimony. In *Fellows v. State,* 114 Ga. 233 (39 SE 885), this court allowed a new trial in a case also involving the defense of alibi, where the newly discovered evidence consisted of no more than additional evidence supporting the alibi, which, however, placed the accused at a different location and at a time different from the original evidence. Although the newly discovered evidence here would, if believed, have the effect of impeaching the credit of the State's witnesses, this would not be the *only* effect, since, as we have held hereinabove, such evidence also adds new, distinct and material facts about which no witness testified at the trial, thereby providing the jury with a basis for re-evaluating all of the evidence. There was, therefore, a compliance with element (6), as set forth in the *Burge* case, 133 Ga. 431, supra.

The sole remaining criterion is "(3) that it is so material that it would probably produce a different verdict." It must be recognized at the outset that this cannot be reduced to a mathematical probability, since the jurors are the ultimate judges of the credibility of witnesses and no prognostication of their reaction to such evidence can be completely accurately made. The fact that we have held hereinabove that the verdict was authorized by the evidence adduced at the trial in no way precludes the probability of a differ-

ent verdict on another trial with the newly discovered evidence, since the evidence merely *authorized,* but did not demand the verdict, and this was before this vital, newly discovered evidence supplying the missing link was before the jury. The State's evidence, while authorizing the verdict, was nevertheless not altogether satisfactory. Neither of the DeKalb County police officers who were robbed of their guns, one of which was subsequently used in the robbery of which Bell was convicted, could identify Bell as one of the robbers. The identification of the fingerprints at the scene of the crime as those of appellant, while entitled to some weight, is not conclusive, since such identification was based upon less than all of the possible points of comparison between fingerprints and such identifications can not purport to be 100% infallible in every case. Similarly, the two eyewitness identifications, while persuasive, are not conclusive. There have been many recorded instances of mistaken identity and the alleged similarity in the appearance of the defendant and Thomas, if proved, might show this to be yet another such instance. The evidence showed that Mr. Shockley, the cashier and one of such eyewitnesses, wore glasses, which he had to locate and put on before he could open the safe. Contrary to the situation in the case of *Johnson v. State,* 158 Ga. 192, 200 (123 SE 120), the uncontroverted evidence here shows that only two principals were involved in the robbery; hence, if another jury believes the evidence that two other men were guilty of the crime, the appellant will be exonerated. The newly discovered evidence, combined with the defendant's denial of his guilt and the testimony of his numerous alibi witnesses, which placed him at home asleep at the time of the commission of the robbery, might well authorize a different verdict, which is about as much probability as can be obtained under the evidence.

The full bench case of *Bowman v. State,* 95 Ga. 496 (22 SE 274), which was very similar to the case at bar, held as follows: "The evidence to sustain the verdict not being altogether satisfactory, there being some evidence of an alibi, and the newly discovered evidence consisting in part of the affidavit of one who deposed, after his own conviction and after the trial of the accused, that deponent and another person, not the accused, committed the crime, that the accused was not present when it was

committed and had not participated in it, and these facts not having been disclosed by the deponent until after the accused had been convicted and sentenced, a new trial should have been granted." (The evidence in the case at bar is even stronger, since, as we have pointed out hereinabove, the prospective witness confessed to the crime even prior to his indictment, thus increasing his credibility.) In numerous other cases an important element in the decision to allow a new trial has been the fact that the evidence sustaining the verdict was weak or unsatisfactory. For examples, see: *Johnson v. State,* 72 Ga. App. 78 (32 SE2d 927); *Fellows v. State,* 114 Ga. 233 (2), supra; and *Ga. S. & F. R. Co. v. Zarks,* 108 Ga. 800 (2), supra.

"While the statute states that a new trial 'may be granted,' this does not mean that in a proper case, where all the rules of law have been met, a new trial may or may not be granted, but on the contrary it means that in such a case a new trial must be granted. *Werk v. Big Bunker Hill Mining Corp.,* 193 Ga. 217, 228 (17 SE2d 825)." *Matthews v. Grace,* 199 Ga. 400, 405 (34 SE2d 454). As was said in *Austin v. State,* 121 Ga. App. 244, 246 (173 SE2d 452): "We have searched the record and the State's brief and can find no countershowing by the State to the truth of these affidavits upon which the court could base the exercise of its discretion. The court has seemingly passed upon the credibility of the affiants and has said, in effect, that a jury could not believe them as a matter of law. We believe the court abused its discretion when it denied defendant's motion for a new trial. *Stephens v. State,* 99 Ga. 200 (24 SE 853)."

The judgment of the court, overruling the special ground of the motion for a new trial on the basis of newly discovered evidence, is reversed.

*Judgment reversed. All the Justices concur.*