64465. HIGHFIELD v. THE STATE.

BIRDSONG, Judge.

Johnny Highfield was convicted of burglary and robbery by snatching. He appeals. *Held:*

The victim, Ms. Campbell, testified that she lived across the street from the grandmother of appellant and his brother Mark Alexander. The victim had just received and cashed her Social Security check in the amount of $133; she had been counting her money with the shades up in her house, and then dropped her billfold back into her purse beside her on the sofa. Ms. Campbell let her dog out for a few moments but then forgot to lock the front door. As she was seated on the sofa, the front door opened and Mark Alexander and appellant appeared; Alexander hollered, "Hi, Alice!" and both Alexander and appellant came inside. Alexander threw a smoke or fire bomb at the victim; the bomb hit her on the leg and burned her housecoat and couch. While she was struggling to get up and smother the flames, Alexander took the money from her billfold and appellant stood by laughing. Alexander and appellant then hurried out in the confusion. She followed the two brothers to their grandmother's house but she was unable to get them to give her money back. When she returned home to call the police, Alexander and appellant left together in a taxicab and were later arrested at a local nightspot. At their arrest, Alexander had $53 in his possession and appellant had $50.

Appellant and one of his sisters, with some variation, in effect described a melee in which the four brothers and sisters were at the victim's house laughing and talking when Alexander playfully lit and threw a smoke or fire bomb, which hit the victim on the leg and

burned her until one sister picked it up off the couch or table and threw it to appellant, who threw it out the door. The whole group, including the burned victim, thought this burlesque very hilarious, and all continued laughing and talking about twenty minutes more until the quartet left. Thereafter, the victim appeared at the grandmother's house demanding her money from Mark, but without success. There was some variation in the testimony of appellant and his family. Appellant, who was sentenced as a recidivist with previous offenses of robbery by snatching, entering an automobile, theft by taking, and theft by shoplifting, received the mandatory twenty-year sentence, with fifteen to serve and five on probation, and recommendation for psychiatric treatment. Appellant enumerates three errors on appeal. *Held:*

1. Following appellant's conviction by jury, his brother Mark Alexander pleaded guilty to the offenses charged. Alexander then executed an affidavit announcing "That he was the lone perpetrator of the burglary and theft against Alice Campbell. That Johnny Highfield had no knowledge of the burglary or theft, did not participate in any way, and did not receive any of the fruits of the theft." Appellant submitted this as "newly discovered evidence" and moved for a new trial, which the trial court denied. This denial was not error. Appellant contends that Alexander's affidavit meets the requirements for "newly discovered" evidence set forth in *Timberlake v. State,* 246 Ga. 488 (271 SE2d 792) as authorizing a new trial. This case, however, is not in the category of cases such as *Bell v. State,* 227 Ga. 800 (183 SE2d 357), where subsequent to conviction an unassociated person confesses to the crime and where in the trial of the case there was in fact a question in the evidence of alibi or identification. There is no dispute in this case that appellant was present when Alexander threw the smoke bomb and took Ms. Campbell's money. The only question to be determined was whether, beyond a reasonable doubt, appellant participated in the offense. The affidavit of Alexander was merely cumulative to other evidence in the case and presents no new fact or evidence which might have affected the jury's verdict. The information in it was not newly discovered. In fact, the affidavit is really only conclusory. Moreover, Alexander was available to testify in this case but was not called. His conclusory affidavit which was merely cumulative of other evidence in the case in attempting to absolve appellant of guilt, comes only after he himself has plead guilty and is immunized from further retribution. It could not add any credibility to the defense evidence already heard by the jury, because it was made after his own guilty plea and sentencing and was not against his own interest. See *Bell,* supra, p. 805. The trial court did not err in denying appellant's

motion for new trial.

2. The evidence in this case was not purely circumstantial and therefore the trial court did not err in failing to charge Code Ann. § 38-109. The state did not rely wholly on the "circumstances of [appellant's] presence at the scene and possession of a quantity of cash." The evidence showed appellant entered Ms. Campbell's house with Alexander, stood by laughing while Alexander threw a fire or smoke bomb at her and while Alexander took her money, then left the house with Alexander and later fled with Alexander, and was found with a relatively substantial sum of money on his person. All evidence constitutes "circumstances," but this does not make all evidence "circumstantial" in the legal sense (Code Ann. § 38-102). There is evidence in this case which "immediately points to the question at issue," (Code Ann. § 38-102) which was whether appellant participated in the crime.

3. After reviewing the evidence, we find that a reasonable trier of fact could rationally have found from that evidence proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 21, 1982.

*Leon Sproles,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.