68221. ANSELL v. THE STATE.
(321 SE2d 819)

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for aggravated assault. *Held*:

1. The defendant contends he is entitled to a new trial because of newly discovered evidence. The defendant proceeded to trial with a co-defendant who, at the close of the State's evidence, pleaded guilty. It is contended that the co-defendant would now offer exculpatory testimony on behalf of the defendant. Originally, defendant's attorney represented both defendants. However, because of a potential conflict of interest, counsel for defendant withdrew as counsel for the co-defendant and another attorney represented him at trial.

OCGA § 5-5-23 is primary authority for the grant of a new trial based on the discovery of material evidence after a jury verdict. The requirements for a new trial based on newly discovered evidence have been so often reiterated we deem it superfluous to recite them herein. See *Benefield v. State*, 140 Ga. App. 727, 735 (232 SE2d 89); *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792).

The factual situation here closely resembles that of *Highfield v. State*, 163 Ga. App. 599 (295 SE2d 350), where defendant's brother, after entering a guilty plea, offered an exculpatory affidavit regarding the defendant. This court pointed out that the defendant was present at the scene of the crime (as was the defendant in this case) and the only issue was whether he participated. The holding there sustained the trial judge's denial of a motion for new trial.

Here, as in the *Highfield* case, 163 Ga. App. 599, supra, the defendant failed to meet the strict criteria prerequisite to obtaining the grant of a new trial based on newly discovered evidence.

2. The defendant filed three motions seeking discovery predicated on Brady (373 U. S. 83), Giglio (405 U. S. 150), and Jencks (353 U. S. 657).

Our cases hold that Jencks is applicable primarily in the Federal domain. *Mahone v. State*, 120 Ga. App. 234 (170 SE2d 48); *Odom v. State*, 156 Ga. App. 119, 120 (274 SE2d 117). Moreover, statements of witnesses in the prosecutor's file generally may not be reached under our rules of practice. *Stevens v. State*, 242 Ga. 34, 37 (247 SE2d 838). Here the trial judge conducted an in camera search for exculpatory material in the prosecutor's files and found nothing except that already revealed on cross-examination.

There being compliance with the essential elements of *Tribble v. State*, 248 Ga. 274 (280 SE2d 352), and defendant having failed to establish how his case was materially prejudiced, the denial of the three motions evinces no error.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 13, 1984.

*Lloyd D. Murray*, for appellant.

*Dupont K. Cheney, District Attorney, Charles P. Rose, Jr., Assistant District Attorney*, for appellee.